**In re Monty Carroll RODGERS and wife, Cheri Le Rodgers, Debtors.**

**Bankruptcy No. 586–50211.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Aug. 14, 1986.

Thomas E. Tollett, Littlefield, Tex., for debtors.

Richard L. Husen, Hook & Husen, Levelland, Tex., for Bank.

Myrtle McDonald, Blumrosen & McDonald, Lubbock, Tex., Trustee-in-Bankruptcy.

## MEMORANDUM OF OPINION

JOHN C. AKARD, Bankruptcy Judge.

MONTY CARROLL RODGERS and wife, CHERI LE RODGERS (the Debtors), filed for relief under Chapter 7 of the Bankruptcy Code on April 11, 1986. On Schedule B–4 of their Petition and Schedules, the Debtors claimed as exempt the following farm equipment:

32' flat trailer
Shop made Rod weeder
1974 880 John Deere Swather
Graham chisel Plow
283 John Deere Stripper
Pop up hayloader
Round Hole trailer
Shop Equipment Welder, Torch
Panels, Water Tubs, Wire
100 rolls hay baled on halves
Sam Stevens markers

The Debtors stated that the equipment had a value of $11,900.00.

An Objection to the claim of exemptions was filed by Texas American Bank/Lev-

elland (Bank). A hearing on the Bank's Objections was held on July 31, 1986. At that hearing, the following items were stipulated.

a. The list of exemptions on Schedule B–4 listed Cash on Hand without any value. The Debtors stipulated that this was in error and that they were not making any exemption claim to cash on hand.

b. The Bank had objected to the Debtors' claim of exemption to two pickup trucks. The Bank withdrew its Objection to that exemption.

c. Mr. Rodgers executed a Security Agreement to the Bank dated March 29, 1985 covering "All farm equipment, machinery, etc. now owned or hereafter acquired including all additions or substitutions." Appropriate Financing Statements were filed on April 1, 1985 in the County Clerk's Office of Hockley County, Texas (the county of the Debtors' residence and the county in which the Debtors' farm is located) and on April 2, 1985, in the Office of the Secretary of State of Texas.

d. The total value of the personal property claimed as exempt by the Debtors is less than $30,000.00.

e. The Debtors are farmers.

f. The lien held by the Bank is a nonpossessory nonpurchase-money security interest and is not a judicial lien.

The Bank claims that the farming equipment cannot be claimed as exempt because it is not exempt under the Texas statutes. The Bank relies on the wording of TEX. PROP.CODE ANN. § 42.001(a) (Vernon 1984) which provides that property "is exempt from attachment, execution, and seizure for the satisfaction of debts, except for encumbrances properly fixed on the property." The Bank points to the decision of the United States Court of Appeals for the Fifth Circuit on February 21, 1984, *Allen v. Hale County State Bank (In re Allen )*, 725 F.2d 290 (5th Cir.1984) as holding that the Texas statute does not allow a claim of exemption in property upon which there is a valid lien.

The Debtors assert that the listed equipment is exempt under § 42.002(3) of the Texas Property Code which allows an exemption for farming implements and tools, equipment, and apparatus used in a trade or profession if reasonably necessary for the family. The Debtors further assert that they may avoid the fixing of the Bank's lien on these items pursuant to 11 U.S.C. § 522(f).[1]

The Debtors cite *In re Thompson*, 59 B.R. 690 (Bankr.W.D.Tex.1986) wherein Bankruptcy Judge R. Glen Ayers, Jr. argues that the *Allen* decision is incorrect.

The United States Court of Appeals for the Eighth Circuit has concluded that 11 U.S.C. § 522(f) allows the Debtor to avoid liens on property which would otherwise be considered as exempt, even though the State statute can be read as not allowing an exemption in property upon which there is a lien. *Hall v. Finance One of Georgia, Inc. (In re Hall )*, 752 F.2d 582 (11th Cir. 1985).

The trial Judge in the *Allen* case was the Honorable Bill H. Brister, who was the Judge of this Court until his resignation on September 1, 1985. It was Judge Brister's opinion in *Allen* which was affirmed by the

---

1. (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or
(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

Fifth Circuit. Subsequently, Judge Brister concluded that the 1984 Amendments of the Bankruptcy Code caused a significant change which should lead to a contrary result in the *Allen* fact situation. *See* Brister, "Exemptions—A New Battleground" at p. C–22, Advanced Consumer Bankruptcy Course of the State Bar of Texas, September, 1985.

At the time of the *Allen* decision Debtors in bankruptcy proceedings in Texas were entitled to "stack" exemptions; that is, one spouse could take the Federal exemptions described in 11 U.S.C. § 522(d) and the other spouse could take the Texas exemptions and other non-bankruptcy Federal exemptions under 11 U.S.C. § 522(b)(2). *Cannaday v. Wilson (In re Cannaday)*, 653 F.2d 210 (5th Cir.1981). Thus, it was a relatively easy matter of planning for one spouse to claim as exempt under the Federal exemptions the items upon which there were liens which could be avoided under 11 U.S.C. § 522(f).

The amendments to 11 U.S.C. § 522(b) in 1984 eliminated this "stacking" and stated that in joint cases, both debtors must take either the Federal or the State exemptions. If the *Allen* decision is followed, the effect of this statutory change would be to allow debtors who are resident in Texas to take advantage of 11 U.S.C. § 522(f) if they take the Federal exemptions, but to deny them the benefits of that section if they take the Texas exemptions. Such a result would be contrary to Texas' long history of liberal construction of exemptions.

■ For these reasons, this Court respectfully declines to follow the reasoning in *Allen* and adopts instead the opinion of Judge Ayers in *Thompson*.

■ The list of "farm equipment" submitted by the Debtor includes "100 rolls of hay baled on halves." This obviously is neither farm implements or tools of the trade. The Debtors, however, have claimed as exempt five cows, one bull, and two horses. The cows and bull are allowed as exempt under § 42.002(5) of the Texas Property Code. Although the Court has some question about the two horses, no objection to their exemption has been filed. The exemption for animals includes "forage on hand reasonably necessary for their consumption." The Court concludes that the hay which is claimed as exempt by the Debtors constitutes such reasonable forage.

Order accordingly.[2]

2. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 9014.