POLITZ, Circuit Judge.
 

 This direct appeal from the United States Bankruptcy Court of the Northern District of Texas raises the question whether Tex. Rev.Civ.Stat.Ann. art. 3836, which denies the personal property exemption in the bankruptcy provisions for property subject to secured liens, is preempted by the federal bankruptcy exemption provision, 11 U.S.C. § 522. Concluding that it is not, we affirm the bankruptcy court.
 

 Facts
 

 Robert Henry and Mary Lou Allen filed a Chapter 11 bankruptcy proceeding. At the time of the filing, they owed Hale County State Bank $141,597.04, secured by a perfected nonpurchase money security interest in certain farming implements and tools of trade. The validity of the security interest has not been challenged and it is not a consideration here.
 

 Appellants filed an exemption statement with Robert Henry Allen claiming the full
 
 *292
 
 exemption under Tex.Rev.Civ.Stat.Ann. art. 3836,
 
 [1]
 
 and Mary Lou Allen claiming the full exemption under 11 U.S.C. § 522(d).
 
 [2]
 
 The bankruptcy court allowed the exemption under 11 U.S.C. § 522(d), but disallowed the exemption under the Texas statute because the property claimed was subject to a secured nonpurchase money interest.
 

 Discussion
 

 With the filing of a bankruptcy petition, all property of the debtor enters the bankruptcy estate, 11 U.S.C. § 541, subject to the 11 U.S.C. § 522 exemptions available to the debtor. Section 522(b) specifies that the debtor can take the exemptions enumerated in 522(d) unless applicable state law specifically prescribes otherwise. Section 522(b) gives the states the right to maintain or adjust the exemptions afforded under 522(d).
 
 Matter of McManus,
 
 681 F.2d 353 (5th Cir.1982). There are three possibilities available to a state under 522(b): (1) remain silent and allow the federal law to be the sole remedy, (2) draft an exemption schedule which partially or wholly precludes the 522(d) remedy, and (3) allow election between state and federal exemption provisions. We have previously found that Texas law permits an election.
 
 Matter of Cannady,
 
 653 F.2d 210 (5th Cir.1981).
 

 In addition to the election of exemption statutes, a married couple filing a joint bankruptcy petition under § 522(m) may opt both ways, for the exemption provisions of the Code “shall apply separately with respect to each debtor in a joint case.” As the House Report on the Bankruptcy Reform Act of 1978 explains, this provision means that each debtor in a joint case “is entitled to the federal exemptions provided [in § 522] or to the state exemptions, whichever the debtor chooses.” H.Rep. No. 95-595, 95th Cong. 1st Sess. 363 (1977),
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad. News 5963. In
 
 Matter of Cannady
 
 we recognized that under Texas law the spouses could elect both. As in
 
 Cannady,
 
 each spouse in the present case has elected a separate exemption.
 

 Neither party questions the bankruptcy judge’s allowance of Mrs. Allen’s claim for the federal exemption under 522(d). The issue is whether the bankruptcy judge properly denied exemption under the Texas statute because the property was encumbered by a nonpurchase money security interest.
 

 The appellants’ argue that 522(f) clearly states that the debtor can avoid the lien to the extent that it impairs an exemption under § 522(b). Our analysis of § 522 convinces us otherwise. Section 522(f) states:
 

 Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of the section ....
 

 What is clear from the language of section (f) is that it does not create any new exemptions. It merely gives the debtor the power to avoid a lien on property to the extent that the lien impairs an exemption to which the debtor would have been entitled under § 522(b).
 
 Matter of McManus.
 
 Therefore, one must look to § 522(b) to determine the exemptions:
 

 Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either — (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph
 
 *293
 
 (2)(a) of this subsection specifically does not so authorize....
 

 If one elects to use the Texas exemption statute, any property exempt under the statute is subject to the section (f) lien avoidance. The Texas statute is specific, it does not exempt property subject to a secured lien. Therefore, if one elects to claim under the Texas statute, the property would not be 522(b) exempt property and would not be exempt under the section (f) savings clause.
 

 Today’s conclusion is consistent with our decision in
 
 Matter of McManus,
 
 wherein we addressed the Louisiana exemption statute that provides: “Notwithstanding the provision of R.S. 13:3881(2) and (4) to the contrary,^ person who has granted a chattel mortgage on his property described in R.S. 13:3881(2) or (4) may not thereunder claim an exemption from the seizure of such mortgaged property for the enforcement of that mortgage.” La.R.S. 13:3885. There is no material distinction between the exemption limitation prescribed by Louisiana law and that provided by Texas law.
 
 McManus
 
 mandates the conclusion we reach.
 

 The decision of the bankruptcy court is AFFIRMED.
 

 [1]
 

 . The Texas statute states in pertinent part:
 

 Personal property (not to exceed an aggregate fair market value of $15,000 for each single, adult person, not a constituent of a family, or $30,000 for a family) is exempt from attachment, execution and every type of seizure for the satisfaction of liabilities, except for encumbrances properly fixed thereon, if included among the following: [a list of specific types of personal property follows]
 

 [2]
 

 . 11 U.S.C. § 522(d) provides:
 

 The following property may be exempted under subsection (b)(1) of this section: [there follows a list of eleven types of exempt property].