In re Hattie Lou THOMPSON, Debtor,

Alex C. Flores, Jr., Debtor,

Olivia Jean Ramos, Debtor,

Phillip Seideman and Anita Seideman, Debtors.

Bankruptcy Nos. 5–85–0067, 5–85–00687, 5–85–00656 and 5–85–00629.

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

April 4, 1986.

Randolph Osherow, San Antonio, Tex., for debtors.

Joe Stenberg, San Antonio, Tex., for Aetna.

## MEMORANDUM OPINION

R. GLEN AYERS, Jr., Bankruptcy Judge.

### FACTS

The debtors in each of the four cases before the Court borrowed cash from Aetna Finance Company and signed security agreements pledging their household goods as collateral. Subsequently, the debtors filed under Chapter 13 of the Bankruptcy Code, and the Court duly confirmed the plans. The debtors have now filed motions under Section 522(f) of the Bankruptcy Code seeking to avoid the nonpossessory, nonpurchase-money liens Aetna holds on their household goods. Of the schedules filed in the four cases, two reflect state exemptions and two reflect federal exemptions.

### ISSUES

The following questions are before the Court: (1) May a Chapter 13 Debtor utilize 11 U.S.C. § 522(f) to avoid liens? (2) As to those debtors who have elected the state exemptions, does *In Matter of Allen*, 725 F.2d 290 (5th Cir.1984) control the disposition of the cases?

### DISCUSSION

#### A. 11 U.S.C. § 522(f) IS APPLICABLE IN CHAPTER 13 CASE

■ With respect to the issue of whether § 522(f) of the Bankruptcy Code is available to a Chapter 13 debtor, this Court concludes, along with the almost unanimous concurrence of other courts and commentators, that Congress did intend that § 522(f) apply in Chapter 13 Proceedings. *See, e.g., In re Hall*, 752 F.2d 582 (11th Cir.1985); *In re Allred*, 45 B.R. 676 (Bankr.E.D.N.C.1985); *In re Fisk*, 36 B.R. 924 (Bankr.W.D.Mich.1984); *see also*, McLaughlin, *Lien Avoidance by Debtors in Chapter 13 of the Bankruptcy Reform Act of 1978*, 58 AM.BANKR.L.J. 45 (1984).

The reported cases generally reach the conclusion that § 522(f) applies to Chapter 13 proceedings by utilizing much the same analysis as the Eleventh Circuit in *In re Hall*, 752 F.2d 582. This Court, therefore, adopts the reasoning and holding of the Eleventh Circuit in *Hall*.

The *Hall* opinion notes that 11 U.S.C. § 103(a) makes the provisions of Chapters 1, 3 and 5 of the Bankruptcy applicable to cases arising under Chapters 7, 11 and 13. *Id.* at 588. Further, although the concept of exempt property is only relevant in a

Chapter 13 case to determine whether the Chapter 13 plan will generate more for creditors than liquidation [(§ 1325(a)(4)], nevertheless the economic benefit conferred by § 522(f) is as important in Chapter 13 as in Chapter 7. A Chapter 13 debtor utilizing § 522(f) to convert a claim in a Chapter 13 case from secured to unsecured no longer has to pay the claim in full, and the claim no longer bears interest. *Id.* at 589–90.

Finally, Congressional preference for and desire to encourage use of Chapter 13 would be hampered if Chapter 7 were more attractive than Chapter 13. Exclusion of § 522(f) from Chapter 13 cases could have that effect. *Id.* at 590.

## B. SECTION 522(f) LIEN AVOIDANCE IS ALLOWED REGARDLESS OF THE HOLDING OF IN RE ALLEN

*Allen* imposes no restriction on the availability of § 522(f) to debtors choosing the federal exemptions "laundry list" in § 522(d). The court in *Allen* denied § 522(f) lien avoidance to only two kinds of debtors: (1) those debtors claiming state law exemptions where the state statute, as in Texas, recognizes secured liens on exempt property; and (2) those debtors seeking to utilize § 522(f) in states that "opt out" under § 522(b), that is, where state statutes prohibit use of the § 522(d) exemptions by debtors filing in such states. *See In re Allen*, 725 F.2d 290 (5th Cir.1984). Because Texas does not fall into the latter category, *Allen* is a potential obstacle only for those debtors in the present cases whose schedules reflect election of estate exemptions. (*See* TEX.PROP.CODE ANN. § 41.002 (Vernon 1984).

Changes in the Bankruptcy Code since the *Allen* decision as well as other considerations, persuade this Court to inquire as to the continued validity of that decision. The Court will, therefore, determine whether it should continue to follow *In re Allen. See generally* Brister, *Exemptions—A New Battleground,* ADVANCED CONSUMER BANKRUPTCY, § C (Sept. 1985); Warren, *Redemption, Reaffirmation, and Lien Avoidance,* ADVANCED CONSUMER BANKRUPTCY, § F (Sept. 1985).

### In re Allen

Under the *Allen* analysis, to determine if § 522(f) may be used to avoid a nonpossessory, nonpurchase-money lien on exempt property, the Court must first look to § 522(b) and the debtor's choice of federal or state exemptions. *Allen* holds that: (1) if the debtor is allowed under state law to claim federal exemptions (the state has not "opted-out"); and, (2) he chooses the federal laundry list in section 522(d); then, (3) section 522(f) is available to avoid both judicial liens and nonpossessory, nonpurchase-money security interests in property of the types specified at § 522(f)(2). Conversely, *Allen* holds that: (1) if the debtor claims state exemptions, then, (2) examination of the state exemption statute is necessary to decide whether the property would be exempt under state law even though a judicial or non-possessory, non-purchase money lien has attached. In Texas, because exempt personal property may be the subject of consensual, nonpurchase money, nonpossessory interest, *Allen* expressly precludes a debtor choosing Texas state exemptions from using § 522(f) to avoid consensual liens on otherwise exempt personalty.

### Critique of In re Allen

Most commentators have found *Allen* to be a less than satisfactory opinion. Quite simply, the ruling is incorrect. Former Bankruptcy Judge William Brister, the lower court architect of the opinion, whose own ruling in the case was sustained by the Fifth Circuit, has been highly critical of the *Allen* opinion. *See* Brister, *Exemptions— A New Battleground,* ADVANCED CONSUMER BANKRUPTCY, § C (Sept. 1985); *see also* Nowka, *Debtor's Right to Avoid Nonpossessory Nonpurchase—Money Security Interests: Effect of State Lien Conservation Statutes,* 18 UNIFORM COMM. CODE L.J. 127 (Fall 1985).

The first and most serious criticism of *Allen* concerns the analysis of legislative intent. Essentially, *Allen* states that once a consensual lien is created by the debtor in otherwise exempt (at state law) personalty, § 522(f) cannot apply because the "exemption is not otherwise available." Had this been Congress' intent, § 522(f) would be a nullity where any debtor anywhere in the country elected to use state exemptions *since no state in the union voids the ability of debtors to consent to nonpurchase money, nonpossessory liens upon otherwise exempt personalty.*

By enacting § 522(b), Congress allowed any state to "opt-out" of the federal exemption scheme and thus limit debtors to state-of-residence exemption. The existence of the "opt-out" provision makes the Fifth Circuit analysis even more flawed. If the Fifth Circuit analysis is correct, the provisions of § 522(f) dealing with nonpossessory, nonpurchase money liens could be nullified in every state merely by enacting an "opt-out" statute.

The legislative history of § 522(f) states that allowance of the debtor exemptions is an essential feature of financial rehabilitation. *See* Report of the Commission of the Bankruptcy Laws of the United States, H.R.Code No. 137, 93rd Cong., 1st Sess. 169, 109 (Pt. 1) (1974). Section 522(f) was carefully written to protect the debtor's exemptions by permitting him to avoid judicial liens on certain exempt property "to the extent that the property could have been exempted in the absence of the lien ... independent of any waiver ..." *See* H.R.Rep. No. 595, 95th Cong., 3rd Sess. 362 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6318; *see also* S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5862. The logical and plain meaning of the language in § 522(f), that the debtor be able to avoid a lien on exempt property "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b)," is that the debtor may avoid a lien on property that would have been exempt if not encumbered by a lien.

In fact, two circuits have found this to be the clear meaning of the statute. *See In re Hall*, 752 F.2d 582, 587 (11th Cir.1985) (legislative history supports view that lien-avoidance provision applies notwithstanding state limitations on lien-encumbered property); *In re Thompson*, 750 F.2d 628 (8th Cir.1984) (§ 522(f) available although state opts out). The commentators agree. *See* Nowka, *Debtor's Right to Avoid Nonpossessory, Nonpurchase-Money Security Interests: Effect of State Lien Conservation Statutes*, 18 UNIFORM COMM.CODE L.J. 121, 158 (Fall 1985).

Recognizing that § 522(f) is available to debtors, regardless of the set of exemptions provided under relevant federal and state law, is a construction of § 522(f) that respects a state's right to allow or not to allow exemptions in particular property. *See In re Weiss*, 51 B.R. 224, 226 (D.Colo. 1985). Section 522(f) may not be used to avoid liens on property not listed in the state statute as exempt before encumbrance. However, property listed as exempt in the state statute does not lose its exempt character once a security interest is taken, thereby rendering § 522(f) a nullity for debtors choosing state exemptions. As the court in *In re Storer*, 13 B.R. 1, 3 (Bankr.S.D.Ohio 1980) points out, it is quite logical to distinguish the concept of "exemption" and "operation of liens upon an exemption". Indeed, Congress intended to allow debtors to avoid liens on exempt property whether they choose state or federal exemption lists. *See In re Lawson*, 42 B.R. 206, 213 (Bankr.E.D.Ky.1984). The Congressional record reveals no intent to so limit lien avoidance. *See id.* at 213 ("Both reports say 'property may be exempted even if it is subject to a lien ...' "); *see also* Parkinson, *The Lien Avoidance Section of the Bankruptcy Code: Can It be Avoided by State Exemption Statutes?* 11 OHIO NORTHERN UNIV.L.REV. 319, 328 (1984).

The supremacy clause under Article VI, clause 2 of the United States Constitution provides that Congressional intent as enacted into federal law must prevail when

state statutes conflict with the underlying policies of federal law or have the practical consequence of making the federal law unenforceable. *See, e.g., Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971) (state law which directly conflicts with Bankruptcy Act is unconstitutional as violative of supremacy clause); *In re Baxter,* 19 B.R. 674, 6 C.B.C.2d 643 (Bankr. 9th Cir.1982) (Section 522(f) available to avoid lien even where lien has priority over exemption under stay law); *In re Hershey,* 50 B.R. 329 (S.D.Fla.1985) (supremacy clause allows debtor to use Section 522(f) despite conflicting state law); *see also* Parkinson, *The Lien Avoidance Section of the Bankruptcy Code: Can It Be Avoided By State Exemption Statutes?* 11 OHIO NORTHERN UNIV.L.REV. 319, 330 (1984).

■ Perceiving the direct conflict between federal and state law inherent in the *Allen* rationale, the Eleventh Circuit has taken a position contrary to the holding in *In re Allen.* The Eleventh Circuit Court in *In re Hall,* 752 F.2d 582 (11th Cir.1985) held that a state may require its debtors to rely upon state-defined exemptions rather than the federal exemptions listed in § 522(d). However, the *Hall* court pointed out that the lien-avoidance provision § 522(f) was intended to apply to the available state exemptions, notwithstanding any limitations the state may put on the available exemptions. *See In re Hall,* 752 F.2d 582, 586 (11th Cir.1985); *see also In re Brown,* 734 F.2d 119, 125 (2d Cir.1984) (§ 522(f) allows debtor to avoid lien on exempt property if avoidance affords debtor an exemption). The *Hall* court concluded that once a state lists a particular type of property as available exempt property, any further state action defining lien-encumbered property as not exempt is subject to the provisions of § 522(f). The *Hall* court

thus acknowledged a basic tenet of statutory construction—when state law conflicts with federal law, the conflict will be resolved in favor of the federal provision. *See* U.S. CONST., art. VI, cl. 2; *see also Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). While Congress did intend to allow states to enact their own lists of exempt property pursuant to § 522(b), Congress did not intend to allow states to deny debtors the protection enacted under § 522(f). *See In re Hall,* 752 F.2d 582, 586–88 (11th Cir.1985).[1]

### Must the Court continue to Follow Allen?

■ This Court must now consider whether the doctrine of *stare decisis* requires continuation and enforcement of *In re Allen. Stare decisis* is not a rule of law, but a matter of judicial policy to promote certainty, stability, and predictability of the law. It is the general policy of the Courts not to lightly overrule a precedent. Still, *stare decisis* is a flexible judicial policy. Precedents have frequently been distinguished or expressly ignored. *See, e.g., Kotschevar v. North Fork Tp. Sterns Co.,* 229 Minn. 234, 39 N.W.2d 107, 122 (Minn. 1949) (Patterson, J., dissenting). (Although *stare decisis* given great weight, "it is not a dead hand on the law and is not to be applied mechanically."); *see also Kabatchnick v. Hanover-Elm Bldg. Corp.,* 328 Mass. 341, 103 N.E.2d 692 (Mass.1952) (to make *stare decisis* always paramount would be to deprive the law of its capacity for growth and adaption).

A paramount reason for deviation from a precedent is that obvious errors should not be perpetuated by strict adherence to precedent. *See Haney v. City of Lexington,* 386 S.W.2d 738 (Ky.1964) (When a theory supporting a rule of law is not

1. The following opinions from other circuits have applied the same rationale as the Eleventh Circuit Court in *Hall. See Dominion Bank v. Nichols,* 780 F.2d 408 (4th Cir.1985) (§ 522(f) available to avoid lien notwithstanding state statute providing debtor waive state exemption by granting security interest); *In re Thompson,* 750 F.2d 628 (8th Cir.1984) (Section 522(f) avail-able to avoid liens although state opts out); *In re Brown,* 734 F.2d 119 (2d Cir.1984) (§ 522(f) intended to afford debtor exempt property); *In re Baxter,* 19 B.R. 674, 6 C.B.C.2d 643 (Bankr. 9th Cir.1982) (§ 522(f) available to avoid liens that impair state exemptions even if under state law such a lien has priority over exemption).

grounded upon sound logic, is not just, and has been discredited by actual experience, it and the rule it supports should be discarded); *Schott Optical Glass, Inc. v. United States*, 750 F.2d 62, 64, (Fed.Cir. 1984) (well-recognized exception to *stare decisis* is that a court will reexamine and overrule a prior decision that was clearly erroneous).

Finally, where precedent concerns statutory interpretation and the statute is subsequently amended, reconsideration is appropriate.

### Amendment of § 522

As part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, § 522 was amended. Under the 1978 version, §§ 522(b) and 522(m) allowed debtors in joint cases to "stack" exemptions—one spouse could utilize state exemptions and one could utilize federal exemptions—presuming, of course, that the state of residence had not "opted-out." The Fifth Circuit made much of this "stacking" ability in the *Allen* opinion:

> In *Matter of Cannedy* [653 F.2d 210 (5th Cir.1981)] we recognized that under Texas law the spouses could elect both [sets of exemptions]. As in *Cannedy*, each spouse in the present case has elected a separate exemption.
>
> Neither party questions the bankruptcy judge's allowance of Mrs. Allen's claim for the federal Exemption under 522(d). The issue is whether the bankruptcy judge properly denied exemption under the Texas Statute because the property was encumbered ...

*In re Allen*, 725 F.2d at 292.

> Now, §§ 522(b) and (m) read as follows:
> § 522. Exemptions.
> (b) ... In joint cases filed under section 302 ... and individual cases filed under § 301 or 303 ... by or against debtors who are husband and wife, ... one debtor may not elect to exempt property ... [under a state exemption statute] and the other debtor elect to exempt property listed ... [in the federal exemptions of § 522(d)].

> . . . .
> (m) Subject to the limitation in subsection (b), this section shall apply separately with respect to each debtor in a joint case.

As a result of this change, Texas debtors will always be locked into either state or federal exemptions. If *Allen* continues to apply, any Texas debtor trying to exercise the rights given by the Texas Constitution and legislature must forego those rights extended by Congress at § 522(f).

The inference from *Allen* seems to be that the Circuit panel did not consider the opinion to be too restrictive, since in joint cases the debtors could usually utilize § 522(f) by having one spouse elect the federal exemptions. Because of the change in the law, one significant underpinning of the opinion has changed, and this Court is, therefore, free to reconsider the issue.

Further, the 1984 amendments allow this Court to draw inferences from what Congress did not do. Congress *did not* amend § 522(f) to make lien avoidance optional to the states. Congress *did not* amend § 522(b) to permit the states to deny resident debtors the use of § 522(f), although § 522(b) continues to allow states to deny resident debtors the use of the federal exemptions specified under § 522(d).

### C. THE FIFTH CIRCUIT WOULD NOT RENDER THE ALLEN DECISION IF PRESENTED WITH THE CASE TODAY.

Were the Fifth Circuit confronted with *Allen* today, it would almost certainly not render the same decision. First, the operative statute has been amended. Further, every other Circuit to consider the issue has reached a ruling in opposition to *Allen*. See *Dominion Bank v. Nichols*, 780 F.2d 408 (4th Cir.1985); *In re Thompson*, 750 F.2d 628 (8th Cir.1984); *In re Brown*, 734 F.2d 119 (2d Cir.1984).

Moreover, the Congressional findings justifying § 522(f) have been mirrored by a Federal Trade Commission investigation. Like Congress, the FTC found that lenders had little or no interest in the sort of collat-

eral covered by § 522(f). As a result, the Federal Trade Commission has adopted a rule designed to achieve results outside bankruptcy similar to those intended under § 522(f). *See* 16 C.F.R. § 444.1 (1985); *see also In re Lawson,* 42 B.R. 206, 216 (Bankr.E.D.Ky.1984) (the practice Congress intended to inhibit through Section 522(f) will be prohibited on March 1, 1985 by FTC rule). The FTC rule provides that a taking of a nonpossessory, nonpurchase-money security interest in certain property is an unfair or deceptive trade practice. *See* 16 C.F.R. § 444.1 (household goods defined to include: clothing, furniture, appliances, one radio and one television, linens, china, crockery, kitchenware, and personal effects). Following on the heels of the FTC, the Federal Reserve Board has promulgated a rule "to implement, as to banks" the F.T.C. rule. *See* 50 Fed.Reg. 16,695 (1985) (to be codified at 12 C.F.R. § 227.) The Federal Reserve Board rule makes it an unfair practice for a bank to enter or to enforce a consumer credit contract that provides for a nonpossessory, nonpurchase-money security interest in household goods. *See id.* (household goods again defined as clothing, furniture, appliances, linens, china, crockery, kitchenware and personal effects). The adoption of 16 C.F.R. § 444.1 and 12 C.F.R. § 227.13, by analogy, strengthens the argument that Congress intended lien avoidance to apply to state as well as federal exemptions.

Finally, the intent of the Texas legislature is frustrated by the result under *Allen. See generally* Akard, *Maximizing Exemptions in Bankruptcy Cases in Texas,* BANKRUPTCY CONFERENCE, UNIV. of TEX. SCHOOL OF LAW (1982) (Texas exemptions intended to be liberal). By not "opting out" of the federal laundry list as Section 522(b) allows, the Texas legislature clearly intended to afford debtors a choice of exemptions, state or federal. See *In re Wolfe,* 51 B.R. 900 (Bankr.W.D.Tex. 1985) (in deciding to follow *Allen,* court emphasizes availability of *choice* afforded under Texas law). However, the holding in *Allen* in tandem with the current version of Section 522(m) makes the debtor's choice

one of "lien avoidance or not," rather than "federal laundry list or state exemptions." *See generally* Brister, *Exemptions—A New Battleground,* ADVANCED CONSUMER BANKRUPTCY, § C (Sept. 1985) (*Allen* will now "substantially deny" Section 522(f) to Texas debtors who must choose liberal Texas exemptions to claim real estate having considerable equity).

**D. THE ALLEN DECISION WAS WRONG.**

In declining to follow *Allen,* this Court would observe, as set forth above in its critique of the *Allen* opinion, that the case is simply wrong. The opinion cannot be sustained under any reading of the plain language of the statute The opinion is not supported, in any manner, by the legislative history of the statute. Therefore, this Court should decline to follow the decision

## CONCLUSION

▮ Since (1) the holding in *Allen* denies Texas debtors the choice both Congress and the Texas legislature intended pursuant to Section 522(b), particularly following the 1984 amendments to § 522, and (2) since the holding in *Allen* was originally erroneous and all other Circuits have rendered opposite results, this Court concludes that it will not follow *Allen.* Section 522(f) lien avoidance will be available to Texas debtors whether they elect federal or state exemptions. In the present cases, this Court holds that those debtors claiming state exemptions may, under § 522(f), avoid the nonpossessory, nonpurchase-money liens held by Aetna Finance Company on household goods otherwise exempt under the laws of the State of Texas.