**In re Monty Carroll RODGERS and Cheri Le Rodgers, Debtors.**

**TEXAS AMERICAN BANK/LEVELLAND, TEXAS, Appellant,**

**v.**

**Monty Carroll RODGERS and Cheri Le Rodgers, Appellees.**

Bankruptcy No. 586–20211–7.
Civ. A. No. CA–5–86–200.

United States District Court,
N.D. Texas,
Lubbock Division.

Nov. 12, 1986.

Thomas E. Tollett, Littlefield, Tex., for debtors/appellees.

Richard L. Husen, Levelland, Tex., for appellant.

Myrtle McDonald, Lubbock, Tex., trustee.

## MEMORANDUM AND ORDER

WOODWARD, Chief Judge.

Texas American Bank/Levelland appeals from an order of the bankruptcy court entered August 14, 1986, denying its objection to debtors' claim that certain farm equipment is exempt from the bankruptcy estate pursuant to 11 U.S.C. § 522(b). 63 B.R. 686. The debtors selected the state exemptions under V.T.C.A., Property Code § 42.001(a). Texas American Bank/Levelland holds an unchallenged non-judicial, non-purchase money, non-possessory lien against that equipment.

The only issue before this court is whether or not the farm equipment subject to a valid consensual lien is exempt personal property under the Texas statute, and thereby, exempted from the bankruptcy estate under the bankruptcy code.

The Fifth Circuit Court of Appeals decided the identical issue in the context of a § 522(f) lien avoidance proceeding in 1984. *Allen v. Hale County State Bank,* 725 F.2d 290 (5th Cir.1984). That court held

**18**

that personal property subject to a valid, consensual lien is not exempt from the bankruptcy estate when a debtor chooses Texas exemptions. In a similar case construing a Louisiana statute, the Fifth Circuit Court of Appeals reached the same decision. *In re McManus*, 681 F.2d 353 (5th Cir.1982). The Eleventh Circuit Court of Appeals has reached a contrary result in a household good exemption case. *In re Hall*, 752 F.2d 582 (11th Cir.1985).

The bank contends that *Allen* controls the disposition of its objection to the claim of exemption and the bankruptcy court's order must be reversed. Debtors urge this court to affirm the decision of the bankruptcy court denying the bank's objection to the claimed exemption.

This court recognizes that a conflict exists between the Fifth and Eleventh Circuits in these exemption cases. This court has reviewed the decision relied upon by the bankruptcy court [1] and is not persuaded that this court should follow either that case or the Eleventh Circuit's decision. In addition, this court notes that both those decisions deal with household goods exemptions in Chapter 13 cases. *Allen* is the law in this circuit. The farm equipment is not exempt from the bankruptcy estate nor may debtor avoid the lien on it. Therefore, the bank may assert its rights under the lien. If the law is to be changed or the conflict resolved, it must be done by the proper appellate court.

Therefore, the order of the bankruptcy court is reversed and the case is remanded for the entry of an order in accordance with this opinion.

1. *In re Thompson*, 59 B.R. 690 (Bankr.W.D.Tex. 1986).