**In re C.T. BESSENT and Sylvia R. Bessent, Debtors.**

**C.T. BESSENT and Sylvia R. Bessent, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

Bankruptcy No. 586–50109.
Civ. A. No. CA–5–87–56.

United States District Court,
N.D. Texas,
Lubbock Division.

June 2, 1987.

R. Byrn Bass, Jr., Lubbock, Tex., for appellants.

Marvin Collins, U.S. Atty., Dallas, Tex., Nancy M. Koenig, Asst. U.S. Atty., Lubbock, Tex., for appellee.

## MEMORANDUM AND ORDER

WOODWARD, Senior District Judge.

Debtors filed a voluntary petition in bankruptcy under Chapter 7 and claimed certain farm equipment as exempt property pursuant to Tex.Prop.Code Ann. § 42.-002(3)(A) and (B) (Vernon 1984). The

Farmers Home Administration (FmHA) holds an unchallenged, nonjudicial, nonpossessory, nonpurchase money security interest in the farm equipment. Upon motion by the debtors and after a hearing, the bankruptcy court ruled that the FmHA liens impaired an exemption to which the debtors would otherwise be entitled and avoided the liens under 11 U.S.C. § 522(f). FmHA subsequently filed a motion to reconsider. The bankruptcy court vacated its previous order and reinstated FmHA's liens by Order dated December 30, 1986. Debtors appeal the bankruptcy court's order sustaining FmHA's objection to the exemption of the farm equipment and reinstating FmHA's liens.

This appeal raises the issue whether a Texas debtor claiming personal property exemptions under Tex.Prop.Code § 42.001 can also take advantage of the lien avoidance provision of 11 U.S.C. § 522(f). The identical fact situation and legal issue was squarely addressed by the Fifth Circuit Court of Appeals in *In re Allen*, 725 F.2d 290 (5th Cir.1984). The court there held that personal property subject to a valid consensual lien is not exempt under Tex. Prop.Code § 42.001(c), and a debtor selecting Texas exemptions cannot utilize the avoidance provision of § 522(f) to convert secured property to exempt property. *Allen*, 725 F.2d at 293.

Debtors argue that *Allen* is no longer controlling in light of the 1984 amendments to the Bankruptcy Code, which disallowed the dual election or "stacking" practice where one spouse selects federal exemptions and the other state exemptions. The court recognizes that the *Allen* opinion has been criticized by courts and commentators, *see In re Thompson*, 59 B.R. 690, 692–94 (Bankr.W.D.Tex.1986); *In re Vaughn*, 67 B.R. 140, 142 (Bankr.C.D.Ill. 1986), and is in conflict with the decisions of other circuits, *see In re Hall*, 752 F.2d 582, 587 (11th Cir.1985); *In re Brown*, 734 F.2d 119, 125 (2d Cir.1984).

The court has reviewed the arguments made against *Allen* and is not persuaded that *Allen* should be ignored, or that its analysis is undermined by the 1984 amend-

ments. *See also In re Wolfe*, 51 B.R. 900, 901–02 (Bankr.W.D.Tex.1985). *Allen* is the law in this circuit. The farm equipment subject to the FmHA lien is not exempt from the bankruptcy estate nor may the debtors avoid the liens on it. As this court stated previously when addressing this same issue in *In re Rodgers*, 68 B.R. 17, 18 (N.D.Tex.1986), "If the law is to be changed or the conflict between the circuits resolved, it must be done by the proper appellate court."

Accordingly, the order of the bankruptcy court is AFFIRMED.