**In re J.H. MOSHER and Charlotte M. Mosher.**

**Civ. No. 86–647–E.**

United States District Court, S.D. Iowa, C.D.

Oct. 13, 1987.

**841**

Richard B. Clogg, Indianola, Iowa, for appellant.

Thomas D. Hanson, Mark D. Sherinian, Des Moines, Iowa for debtors/appellees.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter is before the Court on an appeal from the bankruptcy court. A hearing was held on June 9, 1987. After careful consideration of the parties' briefs and arguments, the Court remands this matter to the bankruptcy court for further proceedings.

### Facts

On September 13, 1979, the Moshers (appellees) gave a promissory note to the Federal Land Bank (appellant). On May 15, 1985, the Moshers purchased a home in Polk County for $225,000.00. The Moshers bought this home, utilizing approximately $210,000.00 in proceeds from the settlement of a lawsuit. Five days later, the FLB obtained a judgment in the Iowa District Court for Warren County on the Moshers' 1979 promissory note. The judgment totaled approximately $128,000.00. The judgment was then transferred to Polk County, where it became a lien on the Moshers' Polk County home.

On February 21, 1986, the Moshers filed their Chapter 7 bankruptcy petition and sought to avoid the FLB's lien, under the Iowa Homestead exemption statute, Iowa Code § 561.21. On January 3, 1986, Bankruptcy Judge Richard Stageman held that the Moshers' homestead was not exempt under § 561.21, but nevertheless avoided the FLB's judgment lien pursuant to 11 U.S.C. § 522(f)(1). The FLB appeals this ruling.

### Discussion

Section 522(f)(1) of the Bankruptcy Code states as follows:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section....

Section 522(b) lists the federal exemptions available under the Bankruptcy Code. However, Iowa has opted out of the federal exemption statute. Iowa Code § 627.10. Therefore, this Court must examine the Iowa exemption statutes.

Judge Stageman held that the Moshers' residence was not exempt under the Iowa homestead exemption, § 561.21. That section of the Iowa Code provides that the debtor's homestead may not be sold at a judicial sale unless it is necessary to satisfy debts contracted prior to the acquisition of the homestead. As the Moshers contracted their debt with FLB prior to acquiring their homestead, Judge Stageman held that the Moshers' homestead was not exempt under Iowa Code § 561.21.

However, the Moshers argued that notwithstanding the fact that they were not entitled to the Iowa homestead exemption, the FLB's lien could nevertheless be avoided under 11 U.S.C. § 522(f)(1). The FLB contended that its lien could only be avoided under § 522(f) if it impaired an exemption to which the Moshers were entitled under Iowa law. The FLB concluded that as the Moshers were not entitled to the Iowa homestead exemption, then § 522(f) could not be used to avoid the lien.

Judge Stageman examined § 522(f)'s legislative history and the statute's wording and concluded that § 522(f) could be used to avoid the FLB's lien. He also stated:

Congress has allowed the states significant freedom to specify what property may be exempted in bankruptcy. On the other hand, Iowa's definition of the homestead exemption arguably threatens the operation of section 522(f) of the Bankruptcy Code. State legislation which frustrates the implementation of federal law is rendered invalid by the supremacy clause of the United States Constitution. U.S. Const. art. VI, cl. 2; *Perez v. Campbell,* 402 U.S. 637 [91 S.Ct. 1704, 29 L.Ed.2d 233] (1971).

Judge Stageman's Memorandum of Decision, p. 3, No. 10 in the Designation of the Record on Appeal.

The FLB contends that Judge Stageman's decision was erroneous for two reasons. First, FLB argues that 11 U.S.C. § 522(f) is not a separate exemption statute. Second, the FLB asserts that if the Moshers can use § 522(f) to expand exemptions not otherwise allowed under state exemption statutes, then they will be placed in a better position than other Iowans, simply because they filed bankruptcy. The FLB cites two unpublished decisions from the Northern District of Iowa in support of its position. *In re Wooten,* C 85–0281 (N.D.Iowa Sept. 5, 1986); *In re Ellingson,* —— B.R. ——, C 86–0060 (N.D. Iowa Sept. 30, 1986). In those cases, Judge David R. Hansen held that as the debtors were not entitled to the exemptions under Iowa law, § 522(f) could not be used to avoid the lien.

Similarly, in *Matter of McManus,* 681 F.2d 353 (5th Cir.1982), the Fifth Circuit held that where a state has opted out of the federal exemptions and the debtors are not entitled to an exemption under state law, § 522(f) cannot be used as a "super" exemption to avoid the lien. *Id.* at 357 n. 7. *Accord, In re Allen,* 725 F.2d 290, 293 (5th Cir.1984); *In re Pine,* 717 F.2d 281, 284

(6th Cir.1983), *cert. denied,* 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984). There is a split of authority on this issue, however, as the following courts have held that even though a debtor may not be entitled to a state law exemption, § 522(f) may nevertheless be utilized to avoid the creditor's judicial lien: *In re Ziesman,* Bankr. No. 83–03017 (N.D.Iowa May 31, 1985) (Thinnes, J.); *In re Hill,* 752 F.2d 582, 587 (11th Cir.1985); *In re Maddox,* 713 F.2d 1526, 1527 (11th Cir.1983).

The Court does not believe it needs to address this issue at this juncture, but has set forth the above arguments assuming that this issue will have to be addressed in this case in the future. The Court finds that there is still a possibility that the Moshers may have been entitled to the homestead exemption, despite Judge Stageman's ruling. The bankruptcy court held that the Moshers' home was not exempt under the Iowa homestead exemption, as the Moshers had contracted their debt with the FLB prior to acquiring their homestead. The Iowa homestead exemption statute provides in part as follows:

The homestead may be sold to satisfy debts of each of the following classes: (1) those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor liable to execution.

Iowa Code § 561.21. Nothing in the designated record on appeal demonstrates that the bankruptcy court ever determined whether the FLB exhausted the other property of the Moshers liable to execution.[1] It may be that once the bankruptcy court makes this determination, then the Moshers would have been entitled to the exemption under Iowa Code § 561.21, and therefore it may be avoided under § 522(f) of the Bankruptcy Code.

There, the Court remands this matter to the bankruptcy court so that a proper determination under Iowa Code § 561.21 may be made.

---

1. The Court notes that Mr. Mosher stated in a debtor's examination that he owned some land

in Warren County.

IT IS THEREFORE ORDERED that this matter is hereby remanded to the bankruptcy court for further proceedings consistent with this order.