831 F.2d 82
 17 Collier Bankr.Cas.2d 1073, Bankr. L. Rep. P 72,031
In the Matter of C.T. BESSENT and Sylvia R. Bessent, Debtors.
C.T. BESSENT and Sylvia R. Bessent, Plaintiffs-Appellants,
v.
UNITED STATES of America (Farmers Home Administration),
Defendant-Appellee.
 No. 87-1435
 Summary Calendar.
United States Court of Appeals,
Fifth Circuit.
 Oct. 28, 1987.
 
 R. Byrn Bass, Jr., Laurie L. Hearn, Lubbock, Tex., for plaintiffs-appellants.
 Nancy Koenig, Asst. U.S. Atty., Lubbock, Tex., Daniel A. Bowen, Asst. Regional Atty., Temple, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Texas.
 Before GEE, GARWOOD and JONES, Circuit Judges.
 EDITH H. JONES, Circuit Judge:
 
 
 1
 Reports of the death of Matter of Allen, 725 F.2d 290 (5th Cir.1984), are premature. See In re Thompson, 59 B.R. 690 (Bankr.W.D.Tex.1986). But cf. In re Wolfe, 51 B.R. 900 (Bankr.W.D.Tex.1985). In this case, which we find indistinguishable from Allen and its predecessor Matter of In re McManus, 681 F.2d 353 (5th Cir.1982), we are required to conclude that Texas debtors may not use 11 U.S.C. Sec. 522(f) to avoid a non-possessory, non-purchase money, non-judicial lien executed in favor of Farmers Home Administration in March 1979.[1]
 
 
 2
 The debtors advance three arguments against our application of Allen and McManus. First, it is asserted that Texas law has materially changed since Allen was decided. A brief background discussion of the interaction between Texas law and 11 U.S.C. Sec. 522(f) sheds light on our discussion. Section 522(f) states:
 
 
 3
 Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section....
 
 
 4
 As this Circuit stated succinctly in Allen, this sectionmerely gives the debtor the power to avoid a lien on property to the extent that the lien impairs an exemption to which the debtor would have been entitled under Sec. 522(b).... Therefore, one must look to Sec. 522(b) to determine the exemptions:
 
 
 5
 Notwithstanding Sec. 541 of this title, an individual debtor may exempt from property of the estate either--(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(a) of this subsection specifically does not so authorize....
 
 
 6
 If one elects to use the Texas exemption statute, any property exempt under the statute is subject to the section (f) lien avoidance. The Texas statute is specific, it does not exempt property subject to a secured lien. Therefore, if one elects to claim under the Texas statute, the property would not be 522(b) exempt property and would not be exempt under the section (f) savings clause.
 
 
 7
 725 F.2d at 292-93.
 
 
 8
 The Texas exemption statute on which Allen was based stated that personal property not exceeding certain dollar values "is exempt from attachment, execution and every type of seizure for the satisfaction of liabilities, except for encumbrances properly fixed thereon, if included among the following...." Tex.Rev.Civ.Stat.Ann. art. 3836. Article 3836 was first enacted in the last century. In 1983, the Texas legislature codified Texas property law, including the exemption statute, which now states in pertinent part:
 
 
 9
 (a) Eligible personal property that is owned by a family and that has an aggregate fair market value of not more than $30,000 is exempt from attachment, execution, and seizure for the satisfaction of debts, except for encumbrances properly fixed on the property....
 
 
 10
 (c) The exemption provided in this section does not apply to a debt that is secured by a lien on the property or that is due for rents or advances from a landlord to the landlord's tenant.
 
 
 11
 Tex.Prop.Code Ann. Sec. 42.001 (emphasis added). Section 42.001 represents a codification of pre-existing property law which was emphatically intended not to effect substantive changes in the law.[2] The foreword to the Texas Property Code urges the reader to keep in mind that, "This is a nonsubstantive revision." Similar sentiments are expressed throughout the Revisor's Report written by the Executive Director of the Texas Legislative Council, which prefaces the volumes containing the Property Code. See Vernon's Texas Codes Annotated Property, Volume 1, at vii-viii. It is not within our domain to reformulate either Texas law or our panel's prior interpretation of Texas law. This contention is overruled.[3]
 
 
 12
 Second, appellants suggest that when Congress amended the Bankruptcy Code in 1984 to eliminate the "stacking" of state and federal exemptions by couples, it rendered the decision in Allen particularly onerous for Texas debtors. Appellants suggest it is not a "desirable result" that debtors have to choose between the protection afforded under Texas laws or the protection afforded through Sec. 522(f) of the Bankruptcy Code, via the device of the federal exemptions. This logic is thoroughly unconvincing. Prior to the 1984 Bankruptcy Code amendments, this Court held in McManus that Sec. 522(f) could not be utilized by Louisiana debtors who had placed non-possessory, non-purchase money liens on otherwise exempt property. In Louisiana, not only were debtors found unable to utilize Sec. 522(f) to avoid impairment of state law exemptions, but Louisiana had opted out of that portion of the Bankruptcy Code which allowed debtors to elect the alternative federal schedule of exemptions. There was, in other words, no possibility of "stacking" exemptions in Louisiana at the time McManus was decided, and Congress did not modify McManus when it eliminated "stacking" for all debtors in 1984.[4] Pursuant to Allen, Texas debtors are no worse off than Louisiana debtors following McManus, and the 1984 amendment of Sec. 522(b) does not undermine the validity of either holding.
 
 
 13
 Appellants finally resort to the contention that our prior decisions erroneously construe Sec. 522(f) and should be reversed. There is a split of authority on this question concerning the interaction of Sec. 522(f) and state exemption statutes. 3 Collier on Bankruptcy p 522.29 n. 2a (15th Ed. 1987). Compare In re Bland, 793 F.2d 1172 (11th Cir.1986) (en banc), questioning In re Hall, 752 F.2d 582 (11th Cir.1985) (holding that state law limiting exemptions on personal property encumbered by non-purchase money, non-possessory liens did not preclude operation of Sec. 522(f)), with In re Pine, 717 F.2d 281 (6th Cir.1983), cert. denied, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984) (agreeing with Fifth Circuit position). Barring en banc reconsideration, however, or a superseding decision by the Supreme Court, we may not overrule prior controlling authority in our Circuit.[5] United States v. Don B. Holt Equity Pure Trust, 818 F.2d 1246 (5th Cir.1987).
 
 
 14
 The decision of the district court, 74 BR 436 (N.D.Tex.1987), is AFFIRMED.
 
 
 
 [1]
 We assume without deciding that but for the existence of FmHA's lien, the heavy farm machinery involved here would be exempt from seizure pursuant to Tex.Prop.Code Ann. Sec. 42.002(3)(A) or (B)
 
 
 [2]
 Section 42.001(c), quoted above, codifies a pre-existing statute excluding the enforcement of landlord's liens from the exemption statute
 
 
 [3]
 It is possible that Allen misinterpreted the reach of Texas law. Early cases suggest that even though a lien created on exempt personal property is enforceable in Texas, that lien does not vitiate the property's exempt status as to other creditors. Rogers v. Fuller, 142 S.W. 68 (Tex.Ct.App.--Tex.1911); Baughn v. Allen, 68 S.W. 207 (Tex.Ct.App.1902). The implications, from Appellants' standpoint, of this construction of Texas law are unclear if we were writing on a clean slate but irrelevant in light of Allen
 
 
 [4]
 11 U.S.C. Sec. 522(b) now provides that in joint cases, jointly administered, involving a husband and wife, "one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection."
 
 
 [5]
 It is in any event uncertain whether en banc reconsideration would assist these appellants, who entered into their security agreement in March 1979. The lien on their farm equipment thus arose during the "gap" between enactment of Sec. 522(f) as part of the Bankruptcy Reform Act of 1978 (November 6, 1978) and its effective date on October 1, 1979. The Supreme Court has held that Sec. 522(f) may not be utilized to avoid a non-possessory, non-purchase money lien that was created prior to enactment of the Bankruptcy Code, seriously questioning whether a contrary result would have constituted a retroactive taking of property without due process in violation of the Fifth Amendment. United States v. Security Industrial Bank, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). The Court, however, construed Sec. 522(f) not to have retroactive effect and thereby avoided ruling on the constitutional issue directly. The Supreme Court's disposition in Security Industrial Bank did not resolve the status of liens created during the "gap" between the enactment and effective date of the Bankruptcy Code. See 3 Collier, p 522.29. We need not confront this issue either, being governed by controlling law of our Circuit