In re Michael W. WHITE and Sandra K.
White, Debtors.

**Bankruptcy No. 81–00047.**

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

May 11, 1981.

James R. Sheeran, Richmond, Va., for debtors.

Robert E. Hyman, Richmond, Va., Trustee in Bankruptcy.

MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing of the Trustee's objection to the federal exemptions claimed by Sandra K. White under 11 U.S.C. § 522(d). Sandra K. White, one of the Debtors herein, filed a response to the Trustee's objection by challenging the constitutionality of § 34–3.1 of the Code of Virginia (1950), as amended, which section prohibits an individual from claiming the federal exemptions provided in subsection (d) of § 522 of the Bankruptcy Code (11 U.S.C.).

Sandra K. White is the spouse of Michael W. White, both of whom filed a joint petition in bankruptcy on January 16, 1981. At the time of the filing of the petition, both Debtors were residing at 2606 Atlee Road, Mechanicsville, Virginia. Sandra K. White was employed at the time of filing of the petition and her income contributed to the support and maintenance of the Debtors and their family. Michael W. White, pursuant to § 34–26 of the Code of Virginia (1950), as amended, claimed as exempt household furniture and other household items amounting to $3,150. A homestead deed was recorded in the name of Michael W. White pursuant to § 34–4 of the Code of Virginia (1950), as amended, claiming as exempt an interest in property valued at $5,000. In said joint petition, Sandra K. White claimed as exempt under the federal exemptions pursuant to 11 U.S.C. § 522(d)(1), $5,000 in property in Ashland District of Hanover County. She also claimed as exempt pursuant to 11 U.S.C. § 522(d)(3) items of household goods in the amount of $1,445. Pursuant to 11 U.S.C. § 522(d)(4) she also claimed as exempt wedding and engagement rings in the amount of $500 and pursuant to 11 U.S.C. § 522(d)(5) cash and 1980 income tax refund totalling $1,550.

The Trustee objected only to the claimed exemptions of Sandra K. White, alleging

that § 522(d) was inapplicable in Virginia by reason of § 34–3.1 of the Code of Virginia (1950), as amended. The issue of the constitutionality of § 522(b)(1) is not in question.

Notice required by 28 U.S.C. § 2403(b) was delivered to the Attorney General of the Commonwealth of Virginia because of the challenge to the constitutionality of § 34–3.1 of the Code of Virginia (1950), as amended. The Commonwealth of Virginia has not appeared in this proceeding.

The Debtor contends that Va. Code § 34–3.1 is unconstitutional because it conflicts with the plan of Congress in the enactment of 11 U.S.C. § 522. *See* 11 U.S.C. § 522(m). Authority for this contention is based on *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). In *Perez,* the Supreme Court held that a state law denying a person a driver's license until a tort judgment was satisfied violated the supremacy clause of the United States Constitution when the debt had been discharged in bankruptcy under the then applicable 11 U.S.C. § 35 (§ 17 of the Bankruptcy Act). Here, however, the federal law (11 U.S.C. § 522(b)(1)) specifically provided that the state could elect to reject the federal exemption provided by 11 U.S.C. § 522(d). The Commonwealth of Virginia in electing to reject the federal exemptions acted within the framework of the applicable federal statute.

The Debtor further argues that the decision rendered in *In re Thompson,* 2 B.R. 380, 1 C.B.C.2d 467 (Bkrtcy., E.D.Va.1980) *rev'd* 4 B.R. 823, 2 C.B.C.2d 1257 (Bkrtcy., E.D.Va.1980) denies Sandra K. White any right to the state exemptions. District Judge Clarke in that decision determined that Virginia law decided whether a debtor was entitled to the exemptions in the Commonwealth of Virginia. Under the authority of *Thompson,* the Debtor here is not entitled to any state exemptions. The Debtor contends that Judge Clarke, in deciding *Thompson* as he did, made Va. Code § 34–3.1 contrary to the federal bankruptcy scheme of allowing each debtor to claim

exemptions. Therefore, the Debtor contends the state law violates the supremacy clause of the United States Constitution.[1]

The Debtor contends that if *Thompson* is correct, then Virginia's statute "opting out" of the federal exemptions is unconstitutional, and that if *Thompson* is incorrect, then Virginia's statute "opting out" of the federal exemptions is constitutional.

This Court must differ with Debtor's argument. First, it must always be remembered that a statute is accorded a presumption of validity, that a statute should be construed to avoid constitutional questions, and that a court, in reviewing a statute should strive to adopt a construction upholding its validity. *See e. g., Palmore v. Superior Court of District of Columbia,* 515 F.2d 1294, 1297 (D.C.Cir.1975); *McDonald v. Board of Election Commissioners,* 394 U.S. 802, 808–9, 89 S.Ct. 1404, 1408-09, 22 L.Ed.2d 739 (1969). Second, in this Court's opinion, Va. Code § 34–3.1 does not offend 11 U.S.C. § 522. It was specifically allowed by 11 U.S.C. § 522(b)(1). Third, the correctness of *Thompson* is not in issue. The issue in *Thompson* related only to each debtor's right in a joint case to claim their respective homestead exemption and Judge Clarke decided that the interpretation applied therein did not challenge the constitutionality of a state statute. The issue presented before this Court concerns the right of a state to "opt out" of the federal exemptions. Clearly, the states have that right and Virginia having enacted § 34–3.1 has precluded debtors in Virginia of the right to claim the federal exemptions. 11 U.S.C. § 522(b)(1).

Accordingly, this Court finds that § 34–3.1 of the Code of Virginia (1950), as amended, is constitutional, and that Sandra K. White is not entitled to the exemptions claimed by her under 11 U.S.C. § 522(d).

An appropriate order will issue.

---

1. The constitutionality of Va.Code § 34–3.1 was not in issue in the *Thompson* case.