In re: Earle Dean **BARNES**, Sr. and Jennifer Marie Saunders Jones Barnes, Debtors.

Jennifer **BARNES**, Plaintiff,

v.

Tom **McCARTHY**, Defendant.

Bankruptcy No. 7–83–0039.
Adv. No. 7–83–0226.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

May 5, 1983.

Alan T. Gravitt, Legal Aid Society of Roanoke Valley, Roanoke, Va., for plaintiff/debtor.

Tom McCarthy, pro se.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

This matter came on for hearing upon the filing of a complaint by the Plaintiff/Debtor, Jennifer Barnes, seeking to recover a preference, specifically, garnished wages paid over to the Defendant, Tom McCarthy, within 90 days prior to the filing of Debtor's petition in bankruptcy.

On December 8, 1981, judgment was rendered in the General District Court of the City of Roanoke, Virginia against Plaintiff in favor of the Defendant. Said judgment was in the principal amount of $430.50 and was for rent owed by the Plaintiff to the Defendant. A Garnishment Summons was issued on September 14, 1982 and delivered to Plaintiff's employer; the return date on the summons was October 12, 1982. The sum of $159.62 which had been withheld from Plaintiff's wages was paid over to the Defendant on October 12, 1982.

Plaintiff filed a Homestead Deed in the Clerk's Office of the City of Roanoke on January 7, 1983, in which she claimed as exempt property pursuant to *Va.Code* § 34–4 the garnished wages paid over to the Defendant. On January 10, 1983, Plaintiff filed a voluntary Chapter 7 petition in this Court. In her petition, Plaintiff listed the garnished wages as exempt property. On March 28, 1983, the subject wages were abandoned by the Trustee in bankruptcy.

Plaintiff/Debtor brings this action under § 522(h) and (i) to avoid the payment of the garnished wages to Defendant as a preferential transfer which could have been avoided by the Trustee under § 547(b). Defendant contends that the October 12, 1982 transfer was not within the 90 day period before Debtor's petition was filed and therefore cannot be recovered.

11 U.S.C. § 547(b)(4)(A) allows a Trustee to avoid a transfer made "on or within 90 days before the date of filing of the petition". When computing any period of time in a bankruptcy case, Rule 6(a) of the Federal Rules of Civil Procedure and Bankruptcy Rule 906 are applicable. These rules provide that the day of the act, event, or default from which the designated period of time begins to run shall *not* be included, while the last day of the period so computed *shall* be included. Proper computation of the period in the present case (from 10/12/82 to 1/10/83) reveals that the transfer of garnished wages to the Defendant occurred on the 90th day. This transfer was therefore within the preference period and was subject to avoidance by the Trustee pursuant to § 547(b).

As the Trustee in the instant case chose to abandon the subject wages, the Plaintiff has instituted this proceeding. 11 U.S.C. § 522(h) and (i) allow a debtor to avoid a transfer which could have been avoided by the Trustee, but only to the extent that the debtor could have exempted such property under § 522. By virtue of *Va.Code* § 34–3.1, Virginia has excluded itself from the federal exemptions provided in § 522 and consequently, the exemption statutes contained in the *Code of Virginia* prevail. *Va.Code* § 34–4 provides for the exemption of wages under garnishment along with other enumerated exemptions. *Va.Code* § 34–5, however, designates kinds of debts which cannot be exempted under § 34–4. Among these categories is a debt for rent. Plaintiff is therefore not entitled to exempt the subject wages.

For the foregoing reasons, it is ORDERED that Plaintiff's prayer for relief be and hereby is DENIED.