**In re John Miller SHINES, Jr. and Barbara Edwards Shines, Debtors.**

**Bankruptcy No. 83–01436–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

May 17, 1984.

Bruce E. Robinson, Richmond, Va., for debtors.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court upon an objection by Sylvia T. Bone to the debtors' claimed exemptions. After a hearing on the creditor's objection, this Court took the matter under advisement. The parties submitted memoranda of law in support of their positions and after notifying the Commonwealth of Virginia that the constitutionality of a Virginia statute had been brought into question by the parties' briefs, the Commonwealth filed a brief in support of the constitutionality of the statute. After considering the memoranda and the evidence adduced at the hearing, this Court renders the following opinion.

### STATEMENT OF FACTS

1) Sylvia T. Bone (the "creditor") obtained a judgment for approximately $680.00 against the debtors, John M. Shines and Barbara E. Shines, in the General District Court of Henrico County, Virginia on April 14, 1983. The judgment was based on unpaid back rent due the creditor.

2) Pursuant to the judgment the creditor had the debtors' wages garnished in the amount of $500.00. The garnishment occurred prior to the time the debtors filed their petition in bankruptcy. (The debtor's schedules reveal that the garnishment return date was August 29, 1983).

3) The debtors properly recorded homestead deeds on September 21, 1983. Among other specified property the debt-ors claimed the garnished wages as exempt pursuant to § 34–4 of the Code of Virginia.

4) On September 23, 1983, the debtors filed a joint petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

5) Sylvia T. Bone filed an objection to the claimed exemptions on October 7, 1983.

### CONCLUSIONS OF LAW

The creditor does not dispute that the debtors' homestead deeds were properly filed or that Barbara E. Shines claimed $500.00 being held pursuant to a garnishment as exempt on her homestead deed. Rather, the creditor, with a judgment for unpaid rent, argues that despite properly claiming their homestead exemptions that these exemptions are inapplicable to her. The basis of this argument is *Va. Code* § 34–5 which provides in pertinent part:

Such exemption [the homestead exemption provided in § 34–4] shall not extend to any execution order or other process issued on any demand in the following cases

1) For the purchase price of such property or any part thereof. If the property purchased and not paid for be exchanged for or converted into other property by the debtor, such last named property shall not be exempted from the payment of such unpaid purchase money under the provisions of the preceding section (§ 34–4).

2) For services rendered by a laboring person or mechanic.

3) For liabilities incurred by any public officer or officer of a court, or any fiduciary, or any attorney at law for money collected.

4) For a lawful claim for any taxes, levies or assessments.

5) For rent.

6) For the legal or taxable fees of any public officer or officer of a court.

*Va. Code* § 34–5 (Repl.Vol.1976). The debtors argue that this provision of the *Va. Code* is unconstitutional because in the context of federal bankruptcy law it creates an additional ground of nondischargeability which does not exist under the Bankruptcy

Code and that as a state created nondischargeable debt the statute is clearly invalid under the Supremacy Clause of the United States Constitution. *See* U.S. Const. art. VI, cl. 2; *Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1, 6 L.Ed. 23 (1824); *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).

The debtors have identified, although unprecisely, a very troubling aspect of *Va. Code* § 34–5. More generally, the implications of *Va. Code* § 34–5 are indicative of the unexpected ramifications of Congress permitting the states to "opt-out" of the federal exemption scheme. 11 U.S.C. § 522(b)(1).[1] The Congressional wisdom in adopting that legislation has been generally criticized. *See, e.g.*, Haines, *Section 522's Opt-Out Clause: Bankruptcy Exemptions in a Sorry State*, 1983 Ariz.St. L.J. 1 (1983); Mordy, Dunn & Johnson, *Constitutionality of "Opt-Out" Statutes Providing for Exemptions to Bankrupts*, 48 Mo.L.Rev. 627 (1983). Absent *Va. Code* § 34–5(5) Sylvia T. Bone would be a general, unsecured creditor of the estate and in this matter would likely receive no distribution in as much as the trustee in bankruptcy has filed a no asset report. She does not hold a claim or debt that is nondischargeable pursuant to 11 U.S.C. § 523. She does not hold a claim that is entitled to priority pursuant to 11 U.S.C. § 507. Nor does she hold a claim that may be paid out of exempt assets pursuant to 11 U.S.C. § 522(c). Thus, in all likelihood, absent *Va. Code* § 34–5(5) Sylvia T. Bone would receive no distribution in bankruptcy and the debtor would be entitled to a $500.00 exemption in the garnished wages. How-

ever, if the creditor's position is accepted in this matter she will receive $500.00 on account of a discharged debt of $680.00 and the sole reason that this creditor will be treated so favorably whereas all other like creditors will receive no distribution is because this creditor was the debtors' landlord.

■ One of the primary goals of the Bankruptcy Reform Act of 1978 was the equality of treatment among creditors. *See* House Rep. No. 95–595, 95th Cong., 1st Sess. 340–42 (1977) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5963, 6296–6298; Senate Rep. No. 95–989, 95th Cong.2d Sess. 49–51 (1978) U.S.Code Cong. & Admin. News 1978, pp. 5787, 5835–5837. Congress endeavored to see that certain creditors would not receive more favorable treatment in bankruptcy than other like creditors solely because the state legislature had adopted provisions to aid the former. Under the old Bankruptcy Act a creditor for rent did indeed receive a priority position, in distribution of estate assets, however, that priority has been eliminated by the Bankruptcy Reform Act. *Compare* Bankruptcy Act of 1898, § 67(c)(1)(C), 64(a)(5) (1970) *with* Bankruptcy Reform Act of 1978, § 545 (1978). Moreover, § 545 of the Bankruptcy Code demonstrates further that state created priorities in the form of landlord's liens have been eliminated under the new bankruptcy law.[2] In addition, § 522(c) of the Bankruptcy Code addressed the issue of whether any debt could be satisfied out of exempt property. A creditor for rent is not included within the group of claimants whose obligations may be satisfied from exempt property.[3]

---

1. Section 522(b)(1) provides:

   Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

   (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; ...

2. Section 545 provides in pertinent part:

   The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

   .    .    .    .    .

(3) is for rent; or
(4) is a lien of distress for rent.

3. Section 522(c) provides:

   Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, except—

   (1) a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title; or
   (2) a lien that is—
   (A) not avoided under section 544, 545, 547, 548, 549, or 724(a) of this title;

All of this demonstrates that the Bankruptcy Code specifically intended to eliminate state created priorities especially those provided to landlords. Therefore, what *Va. Code* § 34–5(5) does is to give the creditor in this instance a priority or preference over almost every other creditor. It also places rent creditors in the class of creditors which may reach exempt property thereby impermissively altering the federal law found in 11 U.S.C. § 522(c). In doing so, the Virginia statute disrupts the federal distribution scheme and its underlying goal of equality among classes of creditors. Moreover, it disrupts the second major goal of the Bankruptcy Reform Act of 1978, which is to provide a debtor with a fresh start after bankruptcy, by permitting this creditor to collect a dischargeable debt out of otherwise exempt property.

Despite the foregoing discussion, the law with regard to "opt-out" legislation is rather clear. The Bankruptcy Code permits states to limit debtors in those states adopting that legislation to that state's exemptions and other available federal exemptions. 11 U.S.C. § 522(b)(2)(A) and (B). Courts addressing this option, including this Court, have upheld it. *See, e.g., In re Rhodes*, 705 F.2d 159, 10 B.C.D. 596 (6th Cir.1983); *In re White*, 11 B.R. 775 (Bkrtcy.E.D.Va.1981).[4] Virginia has so elected to limit Virginia debtors to those exemptions available under Virginia law. *Va.Code* § 34–3.1 (Cum.Supp.1983). Under Virginia law, a debtor may claim up to $5,000.00 in real and/or personal property under the Virginia homestead law. *Va. Code* § 34–4 (Repl.Vol.1976 & Cum.Supp. 1983). There are certain debts against which the homestead exemption may not be claimed. *See Va.Code* § 34–5 (text of provision set out *supra* page 2). A creditor for rent is one of the classes of creditors that may collect their obligation out of

property that is otherwise properly claimed as exempt under the homestead laws. *In re Barnes*, 29 B.R. 677 (Bkrtcy.W.D.Va. 1983). Therefore, as to Sylvia T. Bone in the instant matter the debtors' claim of exemption in garnished wages is inapplicable.

Although § 34–5(5) constitutes a state-created priority and has the effect in this matter of permitting this creditor to collect most of a dischargeable debt, it does not, in fact, create as alleged by the debtors, a state-created nondischargeable debt. The obligation owed to Sylvia T. Bone by the debtors has been discharged in bankruptcy. (The debtors received their discharge on January 10, 1984). However, Sylvia T. Bone has acquired a lien pursuant to a writ of fieri facias and garnishment summons on wages earned by the debtors. After discharge a creditor's lien survives and an *in rem* action against the wages is permissible. 11 U.S.C. § 524(a)(2); *In re Smiley*, 26 B.R. 680, 681–82 (Bkrtcy.D. Kan.1982).

Thus the more narrow issue presented by the creditor's objection is whether the debtor may avoid the lien on the wages pursuant to § 522(f). Having found that the creditor's objection is well taken in that the debtors' claimed exemption in the wages is inapplicable to Sylvia T. Bone, there would appear to be no exemption that would be impaired by her lien. Absent such impairment the lien may not be avoided pursuant to 11 U.S.C. § 522(f).[5]

An appropriate Order will issue.

---

(B) not voided under section 506(d) of this title; or

(C)(i) a tax lien, notice of which is properly filed; and

(ii) avoided under section 545(2) of this title.

4. The effect of *Va.Code* § 34–5 on the federal distribution scheme in bankruptcy was not an issue presented by the facts in *In re White*.

5. Section 522(f) provides in pertinent part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property *to the extent that such lien impairs an exemption to which the debtor would have been entitled* under subsection (b) of this section, if such lien is—

(1) a judicial line; ...

11 U.S.C. § 522(f) (emphasis added).