**In re Charles Richard SNOW and Janet Lee Snow, Debtors.**

**Richard GREEN, Plaintiff,**

v.

**Charles Richard SNOW and Janet Lee Snow, Defendants.**

**Charles Richard SNOW and Janet Lee Snow, Plaintiffs,**

v.

**Richard GREEN, Defendant.**

Bankruptcy No. 686–01203.

Adv. No. 686–01203(1), 686–01203(2).

United States Bankruptcy Court, W.D. Virginia, Charlottesville Division.

March 17, 1987.

C. Waverly Parker, Stanardsville, Va., for Richard Green.

W. Stephen Scott, Charlottesville, Va., for debtors.

Leroy R. Hamlett, Jr., Charlottesville, Va., Trustee.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

This case presents the question of whether a debtor may, pursuant to 11 U.S.C. § 522(f)(1), avoid the fixing of a judicial lien on property that in the absence of the lien would be exempt under state law, even though state law defines the property as nonexempt because it is encumbered by a judicial lien arising out of a claim for unpaid rent.

This is a core proceeding which the court may properly hear and determine. 28 U.S.C. § 157(b)(1).

## BACKGROUND

The facts of this case are brief and undisputed. On October 15, 1986, Richard Green ("the creditor") obtained a state court judgment for $1,352 against the debtors, Charles and Janet Snow ("the debtors"). The judgment was based on unpaid rent due the creditor.

The creditor, in an effort to satisfy his judgment, obtained a writ of fieri facias and levied against various items of the debtors' personal property.[1] By operation of Virginia law, this process created a lien on that property in favor of the creditor. Va. Code § 8.01–478 (1984 Repl.Vol.).

The debtors recorded a homestead deed on November 1, 1986. Among other items of personal property the debtors claimed the property levied upon by the creditor as exempt pursuant to Va. Code 34–4. Subsequently, on November 12, 1986, the debtors filed a joint petition under Chapter 7 of the Bankruptcy Code.

The debtors seek to avoid the creditor's judicial lien pursuant to 11 U.S.C. § 522(f)(1), asserting that the lien impairs an exemption to which they would have been entitled. The creditor seeks to enforce his lien in the property levied upon, claiming that Va. Code § 34–5(5) precludes the debtors' use of the lien avoidance mechanism of 11 U.S.C. § 522(f)(1) here because Va. Code § 34–5(5) renders the debtors' exemption of that property inapplicable to him.

## DISCUSSION

Section 522(f)(1) of the Bankruptcy Code, which governs the avoidance of judicial liens, provides in pertinent part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor *to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b)* of

this section, if such lien is ... a judicial lien....

11 U.S.C. § 522(f)(1) (West 1987) (emphasis added). Thus, the avoidance provision of § 522(f)(1) is available to debtors seeking to avoid a judicial lien that "impairs an exemption to which the debtor would have been entitled under section (b)" of section 522 of the Code. As permitted by § 522(b), Virginia has opted out of the federal exemptions specified in § 522(d). Va. Code § 34–3.1 (1984 Repl.Vol.).

Under the exemption scheme adopted by Virginia, each debtor is entitled to a homestead exemption. Virginia Code § 34–4 provides in part that "[e]very householder or head of family shall be entitled ... to hold exempt ... real and personal property, or either, to be selected by him, ... to the value not exceeding $5,000." Va. Code § 34–4 (1984 Repl.Vol.). But the Virginia statute provides that this homestead exemption "shall not extend to any execution order or other process issued on any demand ... [f]or rent." Va. Code § 34–5(5) (1984 Repl.Vol.). Because under Virginia law an execution order or other process necessarily results in the creation of lien,[2] section 34–5(5) in essence provides that any property encumbered by a judicial lien[3] arising out of a claim for rent may not be exempted.

The creditor argues that because the property at issue here is encumbered by a judicial lien arising out of a claim for rent and is thus not exempt under Va. Code § 34–5(5), the lien does not impair an exemption to which the debtors would be entitled. Thus, the creditor argues, the debtors may not avoid the lien under § 522(f)(1).

The court is unpersuaded by this argument. To be sure, there are cases that support the creditor's position. *See, Giles v. Credithrift of America, Inc. (In re*

---

1. The property levied upon, identified in a Sheriff's Return dated November 5, 1986, includes an automobile and various other items of the debtors' personal property.

2. *See* Va. Code § 8.01–478 (1984 Repl.Vol.); *In re Lamm,* 47 B.R. 364 (E.D.Va.1984).

3. Section 101(32) of the Bankruptcy Code defines a judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(32) (West 1987).

*Pine)*, 717 F.2d 281 (6th Cir.1983), cert. denied, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed. 183 (1984); *McManus v. Avco Financial Services (Matter of McManus)*, 681 F.2d 353 (5th Cir.1982); *In re Shines*, 39 B.R. 879 (Bankr.E.D.Va.1984). In *Pine*, the court held that the lien avoidance provision of section 522(f) only comes into play after there has been a determination of what property is exempt under section 522(b). The court therefore concluded that debtors were precluded from avoiding a lien under § 522(f) where the state exemption statute provided that debtors could not exempt property encumbered by a lien. The Fifth Circuit reached a similar conclusion in *Matter of McManus*, 681 F.2d 353 (5th Cir.1982), holding that since a Louisiana statute defined lien-encumbered property as not exempt, § 522(f) could not be used because the lien did not impair an exemption to which the debtor was entitled. *Accord, Allen v. Hale County State Bank*, 725 F.2d 290 (5th Cir.1984) (Texas exemption law applied); *In re Rodgers*, 68 B.R. 17 (N.D.Tex.1986). In *In re Shines*, 39 B.R. 879 (Bankr.E.D.Va.1984), the only relevant authority in Virginia, the bankruptcy court for the Eastern District of Virginia addressed the precise issue raised here. In that case, the debtors sought to use § 522(f) to avoid a judicial lien that arose from a creditor's garnishment of the debtors' wages under a judgment for unpaid rent. The court held that there was no impairment of an exemption because Va. Code § 34–5(5) rendered the debtors' exemption of the wages inapplicable as to the creditor's claim against the wages. 39 B.R. at 882. The court therefore concluded that the lien could not be avoided under § 522(f).

The court, however, is not persuaded that the analysis employed by those courts is correct. Those decisions construe the operative language of § 522(f), that a lien may be avoided to the extent it "impairs an exemption to which the debtor would have been entitled", as mandating as a prerequisite for lien avoidance that state law classify the lien-encumbered property as exempt. In the court's view, that construction is not supported by the statutory language. Section 522(f) permits a debtor to avoid a lien that impairs an exemption to which the debtor "would have been entitled." The use of the phrase "would have been entitled" denotes a condition contrary to fact. Thus, the court reads § 522(f) as permitting a debtor to avoid a lien if the lien impairs an exemption the debtor could claim under state *but for* the lien. In other words, to determine if a lien impairs an exemption, the court must look to the exemptions available under state law as if the lien sought to be avoided did not exist. If state law permits exemption of the property in the absence of the lien, then the debtor may utilize § 522(f) to avoid the lien, despite the state's classification of the lien-encumbered property as not exempt. Accordingly, the court concludes that § 522(f)(1) permits a debtor to avoid a judicial lien on property that would have been exempt if not encumbered by the lien.

The legislative history of the Code supports this interpretation. Both the House and Senate reports describe the lien avoidance provision that ultimately became § 522(f) as allowing debtors to exempt property "to the extent that the property could have exempted in the absence of the lien." H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), *reprinted in* 1978 U.S. Code Cong. & Ad. News 5963, 6318; S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 5862. *See Brown v. Dellinger (In re Brown)*, 734 F.2d 119, 125 (2d Cir. 1984); *Hall v. Finance One of Georgia Inc. (In re Hall)*, 752 F.2d 582, 587 (11th Cir.1985).

Ample case law supports the court's conclusion as well. In *Hall v. Finance One of Georgia, Inc. (In re Hall)*, 752 F.2d 582 (11th Cir.1985), the Court of Appeals for the Eleventh Circuit had to decide whether debtors in bankruptcy could utilize § 522(f) to avoid liens on property that Georgia law defined as not exempt because it was encumbered by a lien, an issue similar to the one raised in this case. Rejecting the approach employed by the Fifth Circuit in *McManus* and by the Sixth Circuit in *Pine*, the *Hall* court concluded that once a state

lists a particular type of property as available exempt property, any further state action defining lien-encumbered property as not exempt is nevertheless subject to provisions of § 522(f). 752 F.2d at 586. Thus, the Eleventh Circuit held that § 522(f) permits debtors to avoid the fixing of a lien on property if avoidance would allow a debtor to enjoy an exemption, notwithstanding the state's classification of lien-encumbered property as not exempt. *See also Hershey v. Linzer (In re Hershey)*, 50 B.R. 329 (S.D.Fla.1985); *In re Vaughn*, 67 B.R. 140 (Bankr.C.D.Ill.1986); *In re Thompson*, 59 B.R. 690 (Bankr.N.D. Tex.1986); *In re Weiss*, 51 B.R. 224 (Bankr. D.Colo.1985). Significantly, the Fourth Circuit Court of Appeals in *Dominion Bank of Cumberland, NA v. Nuckolls*, 780 F.2d 408, 417–418 n. 9 (4th Cir.1985) (Hoffman, J., concurring), has questioned the validity of the holdings in *McManus* and *Pine*, stating that "the result in [those] cases probably is wrong...." This indicates that the Fourth Circuit would likely follow the reasoning of the Eleventh Circuit in *Hall* and reject the approach adopted by the Fifth and Sixth Circuits.

The court agrees with the view of the Eleventh Circuit that the language contained in the opt-out provision of § 522(b), which permits states to define available exemptions, does not suggest a result contrary to the one reached here. The broad grant of powers given states to define available exemptions does not mean that Congress authorized the states to enact legislation that conflicts with other provisions of the Bankruptcy Code. Rather, the import of the opt-out provision of § 522(b) is "merely that a state may decide to require that its debtors rely upon state-defined exemptions, instead of the list of federal exemptions contained in section 522(d)." *Hall*, 752 F.2d at 587.

The court therefore finds no occasion for holding that Va. Code § 34–5(5), declaring nonexempt property encumbered by a judicial lien arising out of a claim for rent, precludes the use of the lien-avoidance provisions of § 522(f)(1). Since the lien encumbering the property at issue in this case is a judicial lien, and since in the absence of that lien the debtors would have been able to exempt the property under the homestead provision of Va. Code § 34–4, the court concludes that the debtors are empowered by § 522(f)(1) to avoid the lien.

### CONCLUSION

Based upon the foregoing, the court will enter an order granting the debtors' motion to avoid the judicial lien encumbering their property.