Robert Ible

v.

Commonwealth of Virginia

December 14, 1987

Case No. N-5734-4

By JUDGE RANDALL G. JOHNSON

This matter is before the court on plaintiff's motion for an order suspending action, which the court interprets as a petition for a temporary injunction. The action sought to be enjoined is a garnishment proceeding filed in the General District Court of the City of Richmond in which plaintiff is the judgment debtor and Fidelity Realty and Construction Company ("Fidelity") is the creditor. Because plaintiff alleges the unconstitutionality of a state statute, he has made the Commonwealth of Virginia the defendant in the bill of complaint filed in this court.[1]

The garnishment which plaintiff seeks to have enjoined arises out of a judgment obtained against plaintiff by Fidelity for rent. After receiving notice of the garnishment action, plaintiff filed homestead deeds pursuant to Virginia Code §§ 34-4 et seq., for the purpose of claiming his personal property and assets, including one fourth of his average pay period earnings, as exempt under the homestead laws. Because § 34-5(5) of those laws excludes

---

[1] While Fidelity was not named a defendant to this action, it would appear that it is a necessary party to the suit, and plaintiff may wish to seek leave to amend his bill to add Fidelity as a defendant.

rents from the exemption, the filing of plaintiff's homestead deeds do not prevent plaintiff's wages from being garnished to satisfy Fidelity's judgment.[2] Plaintiff now claims that this exclusion violates the privileges and immunities and the equal protection clauses of the Constitution of the United States. Plaintiff further seeks a preliminary injunction to prevent Fidelity's garnishment action from proceeding in the district court while his bill is pending here.

The court believes that the proper standard for determining whether a preliminary injunction should issue is the four-part test used by the federal courts. Under that four-part test, a party seeking the injunction must show the following:

(1) a substantial likelihood that the movant will ultimately prevail on the merits;

(2) a showing that the movant will suffer irreparable injury unless the injunction issues;

(3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and

(4) a showing that the injunction, if it is issued, would not be adverse to the public interest.[3]

The court believes that only the first of these factors need be considered here. Because the court is not convinced that plaintiff is likely to prevail in this action, his request for a temporary injunction must be denied.

To support his request for an injunction, plaintiff relies upon the case of *In re Shines*, 39 B.R. 879 (Bankr. E.D. Va. 1984). In that bankruptcy case, a landlord creditor objected to the debtors' claimed exemptions on the basis of Va. Code § 34-5(5), the same statute as is in issue here. Plaintiff suggests that certain of the court's statements in *In re Shines* indicate that court's feeling

---

[2] Section 34-5(5) provides: "To what debts exemption shall not apply. - Such exemption shall not extend to any execution order or other process issued on any demand in the following cases. . . . (5) For rent."

[3] See Hampton Roads Shipping Association v. International Longshoremen's Association, 597 F. Supp. 709 (E.D. Va. 1984).

that Section 34-5(5) violates some constitutional man-
date(s). Plaintiff's Memorandum at 2. Specifically, plain-
tiff cites the court's comparison of the Bankruptcy Reform
Act of 1978 with its predecessor to show that the exclusions
provided under Va. Code § 34-5(5) are no longer favored
under federal law:

> [New Section] 545 of the Bankruptcy Code demon-
> strates further that state created priorities
> in the form of landlord's liens have been elimi-
> nated under the new bankruptcy law. In addition,
> Section 522(c) of the Bankruptcy Code addressed
> the issue of whether any debt could be satisfied
> out of exempt property. A creditor for rent
> is not included within the group of claimants
> whose obligations may be satisfied from exempt
> property. All of this demonstrates that the
> Bankruptcy Code specifically intended to eliminate
> state created priorities especially those provided
> to landlords. Therefore, what Va. Code § 34-5(5)
> does is to give the creditor in this instance
> a priority or preference over almost every
> other creditor. It also places rent creditors
> in the class of creditors which may reach exempt
> property thereby impermissively altering the
> federal law found in 11 U.S.C. § 522(c). In
> doing so, the Virginia statute disrupts the
> federal distribution scheme and its underlying
> goal of equality among classes of creditors.,
> Moreover, it disrupts the second major goal
> of the Bankruptcy Reform Act of 1978, which
> is to provide a debtor with a fresh start after
> bankruptcy, by permitting this creditor to
> collect a dischargeable debt out of otherwise
> exempt property. 39 B.R. at 881-82 (footnotes
> omitted).

In spite of the foregoing observations, however,
the court in *In re Shines* refused to declare the Virginia
rent exclusion invalid; instead, it upheld it:

> Despite the foregoing discussion, the law with
> regard to "opt-out" legislation is rather clear.

The Bankruptcy Code permits states to limit debtors in those states adopting that legislation to that state's exemptions and other available federal exemptions. 11 U.S.C. § 522(b)(2)(A) and (B). Courts addressing this option, including this Court, have upheld it. *See, e.g., In re Rhodes*, 10 B.C.D. 596 (6th Cir. 1983); *In re White*, 11 B.R. 775 (Bankr. E.D. Va. 1981). Virginia has so elected to limit Virginia debtors to those exemptions available under Virginia law. *Va. Code* § 34-3.1 (Cum. Supp. 1983). Under Virginia law, a debtor may claim up to $5,000.00 in real and/or personal property under the Virginia homestead law. *Va. Code* § 34-4 (Repl. Vol. 1976 & Cum. Supp. 1983). There are certain debts against which the homestead exemption may not be claimed. *See Va. Code* Section 34-5 . . . . A creditor for rent is one of the classes of creditors that may collect their obligation out of property that is otherwise properly claimed as exempt under the homestead laws. *In re Barnes*, 29 B.R. 677 (Bankr. W.D. Va. 1983). *Therefore, as to [the landlord] in the instant matter, the debtors' claim of exemption in garnished wages is inapplicable.* 39 B.R. at 882 (emphasis added, footnote omitted).[4]

This court believes that the rationale of *In re Shines* is sound. Moreover, there is no allegation in the case at bar that plaintiff has even filed a petition in bankruptcy. Because plaintiff's challenge to the constitutionality of Va. Code § 34-5(5) depends upon a conflict between that provision and the Bankruptcy Code (Bill of Complaint, paragraphs 4 and 5), and because the provisions of the Bankruptcy Code can only be invoked by filing a petition in bankruptcy, there is no conflict between

---

[4] The court in In re Shines held that while the obligation owed to the landlord by the debtors was discharged in bankruptcy, the lien acquired by the landlord pursuant to a writ of fieri facias prior to the filing of debtor's petition in bankruptcy survived. Hence, an in rem action against the debtors' wages based on that lien was permissible. Id.

state and federal law which could render § 34-5(5) unconstitutional as applied to this plaintiff. As noted, however, even if a petition in bankruptcy had been filed, the court is presently inclined to believe that *In re Shines* would control. Accordingly, plaintiff has failed to meet the first part of the four-part standard for the issuance of a temporary injunction, and his request for such injunction here will be denied.