**In re David M. GODFREY, Jr., Debtor.**

**Bankruptcy No. 88–00422–A.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Dec. 8, 1988.

David M. Godfrey, Jr., Alexandria, Va., pro se.

Thomas A. Mickler, Alexandria, Va., for creditors.

Kermit A. Rosenberg, McLean, Va., trustee in Bankruptcy.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Chief Judge.

We are called upon to rule upon a motion for reconsideration of an order entered by the Court on June 14, 1988, disallowing a homestead exemption elected by the debtor under Virginia law. After careful consideration of the relevant state and federal statutes, this Court denies the motion for reconsideration and sustains its prior ruling.[1]

David M. Godfrey filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 4, 1988. 11 U.S.C. § 101, *et seq.* In Schedule B–4 of his petition, Godfrey claimed as exempt a 1981 Honda automobile, household furnishings, wearing apparel and a typewriter. On April 19, 1988, George and Kathleen Collins, creditors of the debtor, moved to disallow the exemption claimed for the debtor's motor vehicle on the basis of Section 34–5 of the Code of the Commonwealth of Virginia, which provides that a homestead deed shall not apply to a debt for rent. The creditors proffered that they held a valid judgment against the debtor for rent, which was entered on October 30, 1987 in the City of Fairfax General District Court (Civ. Case No. 87–20510).

The debtor opposed the creditors' motion on the basis that he had claimed his exemptions in accordance with the Bankruptcy Code and that the federal bankruptcy scheme took "precedence over the Code of the Commonwealth of Virginia." After a hearing on June 14, 1988, this Court entered an order, based on its interpretation of §§ 34–4 and 34–5 of the Virginia Code, determining that the debtor would not "be allowed an exemption in a homestead deed that [wa]s for rent due and owing[.]"[2]

On June 24, 1988, the debtor filed a motion for reconsideration of the Court's ruling and a hearing was scheduled for November 1, 1988. At the hearing, Mr. Godfrey, appearing *pro se,* acknowledged that Title 34, Section 4 of the Virginia Code created exemptions to which a debtor is entitled in connection with his petition in bankruptcy, and that § 34–5(5) created an exception which would apply to a debt for rent. The debtor contended, however, that the Virginia's rent exception is in direct conflict with 11 U.S.C. § 522(c) of the United States Bankruptcy Code. The debtor asserted, first, that application of the Virginia exception resulted in the unequal treatment among creditors and, second, that section 522 permits only *certain* obligations to be satisfied from property ex-

---

1. At the hearing on November 1, 1988, the Court addressed preliminarily the creditors' motion to dismiss the debtor's motion for reconsideration on the basis of timeliness. While counsel for the creditors did not challenge the Court's records which indicated that the motion had been filed on June 24, 1988, the tenth day of the ten-day period prescribed by Federal Rule of Civil Procedure 59, he maintained that he had not received his copy until the 27th. The Court accepted the debtor's testimony, uncontradicted, that a copy of the motion was mailed to opposing counsel on the same day it was filed and denied the creditors' motion to dismiss. Fed.R. Civ.P. 59(e).

2. The relevant provisions of the Virginia Code are as follows:

> § 34–4. Exemption created.—Every householder or head of a family residing in this State shall be entitled, in addition to the property or estate which he is entitled to hold exempt from levy, distress or garnishment under §§ 34–26, 34–27 and 34–29, to hold exempt from levy, seizure, garnishment or sale under any execution, order or process issued on any demand for a debt or liability on contract, his real and personal property, or either, to be selected by him, including money and debts due him, to the value of not exceeding $5,000. The word "debt," as used in this title, shall be construed to include a liability incurred as the result of an unintentional tort.
>
> § 34–5. To what debts exemption shall not apply.—Such exemption shall not extend to. any execution order or other process issued on any demand in the following cases:
>
> * * * * * *
>
> (5) For rent.

Va.Code Ann. § 34–4 (1984), § 34–5 (1984 & Supp.1988).

empted under state or local laws and that a debt for rent is not an obligation which can be so satisfied. As such, the debtor maintained that the Virginia exception to the homestead provision for rent, provided by § 34-5(5), impermissibly alters the federal bankruptcy scheme and is, therefore, void. Mr. Godfrey alleged also that as a "state created nondischargeable debt," § 34-5(5) was invalid under the Supremacy Clause of the United States Constitution.

Recently, the United States District Court for the Western District of Virginia examined the Virginia homestead provision, the exceptions thereto and the seemingly conflicting provisions of section 522 of the Bankruptcy Code in *In re Snow*, 92 B.R. 154 (W.D.Va.1988). 11 U.S.C. § 522. In *Snow*, the District Court observed that while the Bankruptcy Reform Act provided exemptions in Section 522 of the Code, the same section gave each state the power to opt out of that scheme and to create an exemption provision of its own. At 156; 11 U.S.C. § 522(b)(1). The Court further observed that Virignia is one of the majority of states which has chosen to opt out of the federal scheme, substituting its own exemption provision in section 34-4, and the exceptions in section 34-5 of the Virginia Code. *Id.*

In *Snow*, the District Court specifically addressed the viability of the Virignia provisions when counterpoised against the lien avoidance mechanism of section 522(f)(1) of the Bankruptcy Code but arrived at the overall conclusion that the "Virginia homestead exemption, taken as a whole, includes both the universe of what a debtor can claim as an exemption and *the exceptions to what can be claimed under that exemption.*" *Id.* at 158 (emphasis in original).

The District Court acknowledged that the Virginia exemption scheme "threatened to imperil ideals of the Bankruptcy Code[,]" such as the goal "to produce an equality among creditors[,]" and the goal to give debtors a "fresh start," but added that the "Commonwealth of Virginia [is] exercising a permissible option in deciding to opt out of the federal structure of exemptions and

in creating [exemptions and exceptions of its own]." *Id.* at 159, 160. In concluding, the District Court observed that

[t]he dissonance between the detailed provisions of the Virginia homestead exemption with its exceptions and the aspirations and policy goals of the Bankruptcy Code highlight the difficulty of this decision. In adjudicating this matter, this court will either tend to curb the aspirations underlying the federal bankruptcy code or otherwise will frustrate the clear intent of the Virginia legislature. While the specific results of this choice may be regrettable in the circumstances of this case, this court's understanding of the law *leaves it no course but to find that the Virginia homestead exemption implicitly includes the exceptions found in Va.Code § 34-5 as part and parcel of any exemption which debtors would claim....* Perhaps it could be argued, ... that both Congress and the Virginia legislature can—and should—take appropriate action to resolve the problem presented here. Nonetheless, neither legislative body has, to this point, chosen to do so and this court must adjudicate within the context of the various statutory provisions discussed *supra*.

*Id.* at 161 (citations omitted).

It appears that the District Court's interpretation of the Virginia homestead provision is correct and proper and, as the *Snow* court observed, is in accord with other bankruptcy court decisions interpreting Virginia's homestead exemption. *See In re Shines*, 39 B.R. 879 (Bankr.E.D.Va.1984); *In re Barnes*, 29 B.R. 677 (Bankr.W.D.Va. 1983). Accordingly, we find the reasoning of *In re Snow* to be compelling, deny the debtor's motion for reconsideration, and sustain this Court's ruling of June 14, 1988, enabling the creditors "to sell the debtor's vehicle as provided by the laws of the Commonwealth of Virginia for the satisfaction of their rent judgment only." [3]

An appropriate order will enter.

---

**3.** While the District Court in *Snow* did not con-  sider specifically the Supremacy Clause of the

United States Constitution, the *Snow* court's observation that the State of Virginia exercises a right *granted* by the Bankruptcy Code to opt out of the federal exemption scheme, sufficiently addresses the debtor's concern. *See* 92 B.R. at 156; 11 U.S.C. § 522(b)(1).