In re Ted G. DAVIS a/k/a Ted Davis Trucking, Ted & T. Davis Coal Co., Debtor.

Ted G. DAVIS, Plaintiff,

v.

Douglas R. LESTER, Defendant.

Ted G. DAVIS, Plaintiff,

v.

Steven CLEVINGER, Defendant.

Ted G. DAVIS, Plaintiff,

v.

Clifford VANCE, Defendant.

Ted G. DAVIS, Plaintiff,

v.

Jimmy LING, Defendant.

Ted G. DAVIS, Plaintiff,

v.

Jeff LESTER, Defendant.

Ted G. DAVIS, Plaintiff,

v.

Jerry LESTER, Defendant.

Ted G. DAVIS, Plaintiff,

v.

Robert LESTER, Defendant.

Ted G. DAVIS, Plaintiff,

v.

Steve PROFFITT, Defendant.

Ted G. DAVIS, Plaintiff,

v.

Roger PRATER, Defendant.

Ted G. DAVIS, Plaintiff,

v.

Billy R. CHARLES, Defendant.

Bankruptcy No. 7–88–01204–BKC–HPA.

Adv. Nos. 7–88–0279 to 7–88–0286, 7–88–0299 to 7–88–0300.

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Feb. 27, 1989.

E. Gay Leonard, Copeland, Molinary & Bieger, Abingdon, Va., for plaintiff.

James Michael Shull, Trustee.

JOINT MEMORANDUM OPINION

H. CLYDE PEARSON, Chief Judge.

The within complaints were filed by Ted G. Davis, debtor, seeking to avoid judgment liens of the defendants upon real estate which he owns in Buchanan County, Virginia.

From the evidence in the consolidated hearing, it appeared that debtor, while trading as T. Davis Coal Company, employed defendants in the business and when their earned wages were not paid, all of these defendants proceeded to obtain judgments for these wages in the Buchanan County State Court and had the judgments docketed in the Clerk's Office, there-

by becoming liens upon real estate owned in that county by the debtor. The judgments were rendered in April and May, 1987.

On July 26, 1988, debtor filed his Chapter 7 liquidation petition in this court. He also set apart in his homestead deed $5,000.00 equity in the real estate. These complaints were filed under 11 U.S.C. § 522(f) seeking a determination of and avoidance of these judgment liens because they are alleged to impair the homestead exemption of the debtor in his real estate equity.

Virginia Code § 34–4 provides the homestead exemption rights of householders which exempts property from claims except those included in § 34–5. In § 34–5(2) such exemption excludes services rendered by a laboring person's wages and § 34–5(5) excludes rent.

In the case of *In re Barnes*, 29 B.R. 677 (Bankr.W.D.Va.1983), this court held that § 522(f) excludes rent claims. This holding was followed in *In re Shines*, 39 B.R. 879 (Bankr.E.D.Va.1984) and *In re Snow*, 92 B.R. 154 (D.C.W.D.Va.1988). The same principal is applicable to § 34–5(2) as the exemption relates to wages. The exemption is not applicable to judgment liens for wages and the prayer of the complaints should be denied and the judgment liens shall remain in full force and effect.

An appropriate Order will enter.