## CIRCUIT COURT OF LOUDOUN COUNTY

DCDF, Inc.

v.

David Shay et al.

February 18, 1993

Case No. (Chancery) 14693

BY JUDGE JAMES H. CHAMBLIN

In this cause, DCDF, Inc., a Virginia corporation, has brought suit against David Shay, a resident of Georgia, Tighe A. Merelli, a resident of Texas, and KnowledgeLab Partners, Ltd., a partnership not registered in Virginia, asserting causes of action for breaches of contract, injury to trade or business under Section 18.2–499 *et seq.*, tortious interference with contractual rights and various forms of relief, both at common law and statutory, concerning trade secrets, confidentiality and intellectual property.

At a hearing on January 29, 1993, the Court denied a motion by DCDF for a temporary injunction because DCDF had not shown irreparable harm when its interests are balanced against the interests of the defendants, and it is not shown at this time that DCDF would likely prevail on the merits of the case. The Court denied the defendants motion to quash process under the Long Arm Statute as to the claims of breach of contract under the March 9, 1992, agreement between DCDF and KnowledgeLab. The Court notes that DCDF seeks various forms of relief against the individual defendants for breach of the agreement, but only KnowledgeLab, and not Shay or Merelli, was a party to the agreement. Therefore, this Court has personal jurisdiction over KnowledgeLab for purposes of the breach of contract claim. Something further needs to be shown before Shay or Merelli can be

subject to personal jurisdiction under the Long Arm Statute for breach of the March 9, 1992, agreement.

Jurisdiction lies under the Long Arm Statute for breach of the March 9, 1992, agreement because of the involvement of DCDF employees in Virginia with employees of KnowledgeLab in the performance of the agreement although KnowledgeLab performed all the work in Canada, Georgia or Texas. KnowledgeLab contracted with a Virginia corporation, and knew that its work on the agreement would be coordinated with the work of DCDF employees performed in Virginia. It purposefully availed itself of the benefits and privileges of doing business in Virginia under Section 8.01–328.1(A)(1) ("transacting business in this Commonwealth"). KnowledgeLab has "minimum contacts" with Virginia, and the assertion of personal jurisdiction by this Court for a cause of action arising out of the March 9, 1992, agreement (in which KnowledgeLab transacts business in Virginia) comports with notations of fair play and substantial justice. The Court's ruling applies to Count One (Breaches of Contract) and Count Four (Trade Secrets) (a) Breach of Contract.

The Court took under advisement whether it has personal jurisdiction over the defendants for the other causes of action asserted in the Bill of Complaint. For the reasons hereinafter set forth, the defendant's Motion to Quash Process is granted as to the other causes of action asserted in the Bill of Complaint.

In deciding the Motion to Quash, the Court has considered the allegations of the Bill of Complaint, the discovery brought to the attention of the Court and the evidence presented at the hearing on January 29, 1993.

I am of the opinion that just because a Virginia court acquires personal jurisdiction under the Long Arm Statute over a defendant as to one particular cause of action (as here, breach of the March 9, 1992, agreement) it does not follow that it acquires personal jurisdiction over all other causes of action which the plaintiff might have against such a defendant. The reason lies simply in the language of Section 8.01–328.1(A) which grounds jurisdiction as to a cause of action arising from the defendant's doing or not doing certain things as enumerated in the nine subparagraphs of Section 8.01–328.1(A). Personal long-arm jurisdiction is based on the cause of action asserted and not upon the nature of the defendant.

The acts alleged to have been committed by the defendants giving rise to the causes of action for statutory conspiracy (Section 18.2–499 *et seq*.), tortious interference with contractual rights, and the trade secrets violations did not occur in Virginia, but in Canada. None of the acts can be deemed transacting business in Virginia, supplying services or things in Virginia or causing tortious injury by an act or omission in Virginia. There are no facts showing that an injury occurred in Virginia by breach of warranty made in the sale of goods. Although it might appear that the alleged tortious acts outside Virginia did cause injury in Virginia because the plaintiff is a Virginia corporation with its place of business in Virginia, but it has not been shown that the defendants regularly do or solicit business in Virginia or engage in a persistent course of conduct in Virginia or derive substantial revenue from goods used or consumed or services rendered in Virginia under Section 8.01–328.1(A)(4). The defendants may have derived substantial revenue from the services provided under the March 5, 1992, agreement, but that was the only time it derived such revenue from any source related to Virginia, and it occurred before the acts giving rise to these causes of action occurred. Subparagraph 4 concerns a defendant who has contacts with Virginia over a period of time on a regular basis. Here the defendants have minimal contacts with Virginia on a one-time basis. Let Mr. Price present a decree reflecting the Court's rulings on January 29, 1993, denying the motion for a temporary injunction, granting the motion to quash process as to all causes of action except the breach of contract claims against KnowledgeLab and granting KnowledgeLab fourteen days after entry of the decree to file responsive pleadings.