## CIRCUIT COURT OF THE CITY OF RICHMOND

Natalie McNeal

v.

Richmond Memorial Hospital,
Richmond Memorial Hosp. School of Nursing,
Cynia Katsorelos, and
Katherine Bobbitt

August 23, 1995

Case No. HG-821-3

BY JUDGE MELVIN R. HUGHES, JR.

When the taking of evidence from both sides on plaintiff's request for preliminary injunction concluded on August 18, 1995, the court took the matter under advisement.

Plaintiff is a nursing student who has completed two years of a three year course requirement for a degree in nursing. Upon completion of the three years plaintiff will be entitled to begin a career as a registered nurse. On May 17, 1995, plaintiff was advised that she was terminated from defendant's nursing program because of her activity in maintaining contact with a patient she had been assigned to during a psychiatric rotation through a mental health facility. The rotation was part of a course study in psychiatric nursing. Text book references and directions from administrators and instructors at the nursing school admonish nursing students that once a relationship between nurse and patient comes about the nurse is obligated to work toward termination of the relationship. In this case, plaintiff continued to maintain contact with a particular patient and her mother after her rotation was over. These consisted of telephone contacts, visits, all on a friendship basis because plaintiff empathized with the patient and felt a need to assist her elderly mother with household and other nonmedical concerns. In the plaintiff's view, these continuing contacts were not proscribed because they were on her own time and did not involve medical matters. In the administration's view, plaintiff had vio-

lated an important educational tenet in nursing, potentially harmed the treatment plan for the patient by making for possible confusion by the patient of the plaintiff's role with her, and potentially jeopardized the relationship between the nursing school and the mental health facility as a clinical training source.

The nursing school brought forward other matters in plaintiff's file regarding plaintiff's conduct in the past which it argues, together with the present situation, support its decision to terminate plaintiff. These concerned instances of parking violations and rudeness to hospital security personnel over her failure to secure a proper parking decal for the automobile she was driving to school. There was also evidence based on entries in plaintiff's record that the employee's health benefit section of the hospital had reported that plaintiff was rude and discourteous in her contacts for treatment of a sprained ankle. According to the nursing school, these past matters although not enough singly to merit dismissal, when coupled with the recent unapproved contact with a psychiatric patient warrant plaintiff's dismissal.

At this stage, on a request for preliminary injunctive relief, the court is concerned mainly with whether or not the evidence demonstrates that plaintiff has no adequate remedy at law and whether or not she will suffer irreparable injury if the relief sought is not granted. *Wright v. Castles*, 232 Va. 218, 224 (1986). There is also a requirement that the plaintiff prove there is a substantial likelihood of success on the merits. *Ible v. Commonwealth*, 11 Va. Cir. 130 (1987); *Plate v. Kincannon Place Condo. Owners' Ass'n*, 30 Va. Cir. 323, 325 (1993); *DCDF, Inc. v. Shay*, 30 Va. Cir. 185 (1993). After consideration, the court finds that the evidence presented here fails to meet the requirement of substantial likelihood of prevailing on the merits. Therefore, at this point in time the court declines to order that plaintiff be reinstated by preliminary injunction.

Plaintiff alleges that the nursing school breached an implied contract. As a private nongovernmental entity the parties' rights and obligations are not determined on constitutional due process standards but rather on a contract claim plaintiff has advanced. She relies on the student handbook as a statement of the contract terms. However, what evidence there was to support the existence of a contract was scant. Plaintiff did put into evidence certain provisions of the student handbook to support her contention that the nursing school's action in dismissing her was arbitrary and capricious under contract. Policy Number 2.21 of the nursing school covers the subjects: Leave of Absence/Withdrawal/Dismissal/Reinstatement. Under

3(c) of this policy covering "Dismissal," specifically, "a student may be dismissed from the school *at any time*" for six listed reasons including "unprofessional or disruptive conduct." This provision does not help the plaintiff's case because it allows the school to dismiss her "at any time" for any of the stated reasons.

Plaintiff views her conduct as rather innocuous and the court tends to agree with this assessment. The court also shares plaintiff's view that whatever infraction she committed could have been addressed by less severe approaches, probation or counseling, for example, before progressing to the ultimate sanction of dismissal. However, under another provision, policy 2.13 plaintiff relies on, there is no reference that allows counseling except a one-on-one discussion under the definition of "academic advisement." Further in this policy statement, "academic advisement is done only by the student's assigned advisor or other course instruction, *if necessary.*" (Emphasis supplied.) There is no other cited provision in policy or the handbook that places a duty on the nursing school to provide graduated sanctions of discussion, warning, or counseling before dismissal.

At this stage there is no showing other than that the nursing school acted for assigned reasons; its decision to dismiss plaintiff has a reasoned basis and apparently was not subject to whim or flimsy reason. Even if the court accepts plaintiff's theory of contract, there is no evidence of breach by the nursing school because the above cited provisions militate against such a claim. And while the court accepts plaintiff's argument that she will suffer irreparable harm — because money may not replace the time loss from attending school now, immediately following her two prior years — there is still a failing in the evidence now to make out a colorable showing of a contract claim as a basis for relief.

Reasonable minds could certainly differ over whether plaintiff's actions merit dismissal. Certainly no one including the nursing school questions that plaintiff was motivated by the very best motives of compassion, concern and empathy in her continuing contacts with the patient and her mother. These are laudable attitudes and ones that certainly have a place in nursing, as the nursing school has admitted. However, there was evidence that patient termination is important in nurse training and nursing in the field. The question for the purposes here is whether the plaintiff in her presentation has satisfied the requisites for injunctive relief. The evidence so far shows it was within the nursing school's province to take the actions it took for the reasons it took them.

For the foregoing reasons plaintiff's request for preliminary injunction is denied.